FILED
FEB 1 3 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY A. MILTON, #04717-084
Post Office Box 3000,
White Deer, Pennsylvania 17887,

　　　　　　　　Plaintiff,

v.

UNITED STATES DEPARTMENT OF
JUSTICE, Federal Bureau of
Prisons 320 First Street, N.W.
Washington, D.C.  20534,

　　　　　　　　Defendant.

Case: 1:08-cv-00242
Assigned To : Roberts, Richard W.
Assign. Date : 2/13/2008
Description: FOIA/Privacy Act

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER 5 U.S.C. §552

　　Comes Now, Gregory A. Milton, the undersigned Pro se Plaintiff, and submits this action under the Freedom of Information Act ("FOIA"), Title 5 United States Code Section 552, as amended, to order the production of agency records from the United States Department of Justice ("DOJ"), Federal Bureau of Prisons ("BOP"). In support of this action, plaintiff states as follows based in law and fact.

　　1. Plaintiff respectfully request that the BOP produce agency records consisting of recorded telephone conversations held by the Northeast Regional Office ("NERO"), located at U.S. Customs House— 7th Floor, Second And Chestnut Streets. Philadelphia, Pennsylvania 19106; or in the alternative, secure and preserve the specific agency records identified herein until completion of this action

　　2. This Court has jurisdiction over this action pursuant to Title 5 U.S.C. Section 552(a)(4)(B).

RECEIVED
JAN 3 0 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

- 1 -

3. Plaintiff, Gregory A Milton, is an federal inmate currently held in the jurisdiction of the DOJ at a facility ("USP Allenwood"), within the designated NERO of the BOP. He is the requester of the withheld records.

4. Defendant, BOP is an agency of the DOJ, and it has possession of and control over the records that plaintiff seeks.

5. By written request to the NERO, on March 16, 2006, plaintiff requested that a recorded telephone conversation to an approved telephone number on his inmate telephone list made on February 25, 2006 be provided to him; or in the alternative, that the requested recorded conversation be preserved.

6. On June 8, 2006, plaintiff forwarded by certified mail a letter following up his initial request to the NERO concerning the recorded telephone conversation because he did not receive any confirmation that his March 16 letter was received.

7. Plaintiff sought the assistance of a family member, who was sent copies of the aforementioned March 16 and June 8 letters, in contacting the NERO telephonically concerning his request for the recorded telephone conversation, and it was confirmed that the request had been preserved.

8. On July 6, 2006, plaintiff submitted a written request to the then ITS System Manager seeking written notification that his requests for recorded telephone conversations had been "preserved."

9. On July 7, 2006, the Trust Fund Supervisor responded to plaintiff's written request directing him to forward his request "to the FCC Legal Department and or SIS department."

10. On July 11, 2006, plaintiff submitted a written request to the SIS department seeking preservation of "specific calls made [ ] to... (914) 843-7722."

- 2 -

11. In response to an identical written request to the FCC Legal Department, on July 27, 2006, plaintiff was informed that the requested recording was forwarded to the NERO for processing.

12. On September 4, 2006, after not receiving an written confirmation from the NERO, plaintiff forwarded a letter to the NERO concerning the status of his request for the recorded telephone conversations.

13. In a letter dated September 22, 2006, the NERO informed plaintiff that "a copy of a taped telephone conversation that occurred on February 25, 2006...ha[d] been preserved" and would be processed once a Privacy Act waiver was forwarded to the NERO.

14. Because it appeared that only "one telephone call ha[d] been preserved," plaintiff submitted an additional written request to the FCC Legal Department, forwarding carbon cop(ies) to the NERO and SIS Department dated September 29, 2006.

15. On October 17, 2006, plaintiff submitted a written request to the SIA concerning the preservation of the additionally recorded telephone conversations previously requested.

16. After receiving no response, plaintiff filed an informal administrative remedy request ("BP-8") concerning his request for telephone coversations because the additional recorded telephone conversations were not confirmed as preserved.

17. In a letter dated November 13, 2006, the NERO identified four (4) "telephone calls have been preserved" again stating the need for executed Privacy Act waivers.

18. Plaintiff submitted an administrative remedy request (BP-9), prior to receiving the aforementioned November 13 letter from the NERO, to the Warden at USP Allenwood. In the Warden's response, he identified "three telephone calls...in the internal memory" of the

"new Trufone system" from the particular number which was called.

19. In a letter dated January 22, 2007, plaintiff sought information concerning his FOIA request [numbers 2007-00538 & 2006-04529] and a copy of the necessary form for a person to "execute a Privacy Act waiver."

20. In a March 8, 2007 letter, plaintiff again sought information concerning receipt of a specific Privacy Act waiver form, and for the specific dates of the four telephone calls that have been preserved.

21. In a letter dated March 29, 2007, in response to plaintiff's March 8 letter, the NERO forwarded plaintiff a "Certification of Identity form" and gave the dates of "four telephone calls."

22. Plaintiff wrote the NERO in a letter dated June 29, 2007, requesting whether the BOP had received the Certification of Identity form, and raised concerns about the February 25, 2006 recorded telephone conversation not being included in its March 29, 2007 letter.

23. In a letter dated October 29, 2007, plaintiff again sought information which pertains to his June 29, 2007 letter, reiterating his concerns and reasons for requesting the recorded telephone conversations.

24. Because plaintiff did not receive responses from his June 29 and October 29 letters, he filed a BP-8 at the facility level expressing concerns about not receiving a response for the NERO, and the period of time that the NERO will preserve the recorded telephone conversations before they are destroyed and/or erased.

25. Plaintiff forwarded a certified letter dated December 26, 2007 to the Central Office of the BOP seeking release of the recorded

telephone conversations on February 25, 2006; May 13, 2006; June 2, 2006; August 5, 2006 and September 8, 2006 to an approved telephone number [(914) 843-7722], and any others which were made to this same number.

26. Over ten (10) working days have passed since the BOP Central Office has received plaintiff's December 26 FOIA letter, and he has received no written response to his request.

27. Hence, due to plaintiff being informed that the requested recorded telephone conversations will not be released absent the party he spoke with executing a Privacy Act waiver, and the looming possiblity of the tapes being destroyed (in accordance with his BP-8 response) he files this action.

28. Plaintiff has a statutory right to the records that he seeks, and there is no sufficient legal basis for defendants' refusal to disclose them to him even without an executed Privacy Act waiver.

Wherefore, this Pro se Plaintiff prays that this Court:

(1) Issue a TRO for defendant to preserved the aforementioned recorded telephone conversations and not to destroy, erase, misplace or lose them;

(2) Declare that defendant's refusal to disclose the recorded telephone conversations requested by plaintiff is unlawful;

(3) Order defendant to provide the requested telephone conversation or certified cop(ies) and/or transcriptions of the same to be secured with the Clerk of this Court; or in the alternative, to make the telephone conversations available to plaintiff;

(4) Award plaintiff his costs and fees associated with this action; and

(5) Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

_Gregory A. Chilton_
Mr. Gregory A. Milton
Pro se Plaintiff

- 5 -

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Gregory A. Milton

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

Pro Se (PR)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
# 04717-084

## DEFENDANTS
U.S. Dept of Justice

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

Case: 1:08-cv-00242
Assigned To : Roberts, Richard W.
Assign. Date : 2/13/2008
Description: FOIA/Privacy Act

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Immigration**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus- Alien Detainee
- ☐ 465 Other Immigration Actions

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☒ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant)

- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.

- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

3

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
5 USC 552 (FOIA)

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 0   Check YES only if demanded in complaint   JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES ☒ NO   If yes, please complete related case form.

DATE 2/13/08   SIGNATURE OF ATTORNEY OF RECORD NCD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the *primary* cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

forms\js-44.wpd