IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

FEB 1 3 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

GREGORY A. MILTON, #04717-084
Post Office Box 3000
White Deer, Pennsylvania 17887,

      Plaintiff,

v.

UNITED STATES DEPARTMENT OF
JUSTICE, Federal Bureau of
Prisons 320 First Street, N.W.
Washington, D.C. 20534,

      Defendant.

Civil Action No. 08-Cv-08 0242

United States District Judge
Honorable _____

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Comes Now, Gregory A. Milton, the undersigned Pro se Plaintiff, and submits this memorandum of law in support of his motion for a temporary restraining order (TRO) and preliminary injunction in the above-captioned action under Title 5 U.S.C. §552. In support of this pro se Plaintiff's request for a TRO and preliminary injunction, he states as follows based in law and fact.

### STATEMENT OF THE CASE

This action by a federal inmate who is seeking release of specific recorded telephone conversations is brought under 5 U.S.C. §552. The Plaintiff seeks a TRO and a preliminary injunction to ensure that the aforementioned recorded telephone conversations are not destroyed, erased or inadvertantly loss.

## STATEMENT OF FACTS

As stated in the declaration submitted with this motion, the plaintiff sought release of tapes under the Freedom of Information Act ("FOIA"). Federal Bureau of Prisons ("BOP") staff informed this plaintiff in writing that the requested recorded telephone conversations was located and preserved. Consequently, in order for the tapes to be released by the BOP to plaintiff, he was required to have the party who was on the tapes to execute a Privacy Act waiver.

Because plaintiff was having difficulty in contacting the party to the recorded telephone conversations, he sought information concerning the time period in which the tapes would remain preserved. The BOP informed plaintiff that the requested records would be kept for two (2) years after the initial recording of the initial call.

Therefore, given that the two (2) year period expires in less than thirty (30) days from the filing of his complaint, plaintiff seeks relief from the defendant destroying, erasing, or otherwise losing the tapes through a TRO and preliminary injunction.

## ARGUMENT

### Point 1

### The Plaintiff is entitled to a TRO and preliminary injunction

In determining whether a party is entitled to a TRO or a preliminary injunction, courts generally consider several factors: which are whether the party will suffer irreparable injury, the "balance of hardships" between the parties, the likelihood of success on the merits, and the public interest. Each of these factors favors the grant of this motion.

### A. The Plaintiff is threatened with irreparable harm

The plaintiff alleges that he is entitled to release of the requested recorded telephone conversations although the party to the conversation has not executed a Privacy Act waiver. This is because protections of personal privacy is not absolute in a FOIA request, since there is a balancing test which weighs the privacy interest with the public benefit. See Department of Air Force v. Rose, 425 U.S. 352, 373 (1976). Therefore, if the tapes are destroyed or erased prior to plaintiff being given the opportunity to make his case for release, he would be irreparable harmed. Especially since, if he is successful with having the tapes released to him absent a Privacy Act waiver, his victory will ring hollow and simply amount to an exercise in futility if the tapes are non existent at that point.

### B. The balance of hardships favor the Plaintiff

In deciding whether to grant a TRO and preliminary injunction, courts ask whether the suffering of the moving party outweigh that of the non-moving party if the request is denied, or vice versa if the motion is granted.

In this case, the present suffering of plaintiff and his potential for further suffering is apparent if he permanently loses access to the recorded telephone conversations. This is because plaintiff seeks these tapes for the express purpose of demonstrating his actual innocence of a murder/robbery for which he presently stands convicted in federal court. Therefore, given that a showing of actual innocence ia such a high hurdle, plaintiff must meet an extremely high standard in order to demonstrate his entitlement to be heard. See House v. Bell, 547 U.S. ___ (2006); see also, Mathews v. Eldridge,

424 U.S. 319, 333-34 (1976)(recognizing a fundamental element of due process is the opportunity to be heard at a meaningful time and in a meaningful manner). Considering these pricnples, plaintiff's suffering is insurmountable and cannot even compare to any suffering the defendant will experience if the Court grants the TRO. Because suffering for the defendant is non-existent since it will merely have to further preserve specifically requested recorded telephone conversations which it has already stated it has preserved. Hence, the defendant's hardship will amount to nothing more than business as usual.

### C. The Plaintiff likely to succeed on the merits.

The plaintiff has a great likelihood of success on the merits. Especially considering that although an agency may be justified in withholding certain records of a "law enforcement" nature, and generally a plaintiff who seeks information to challenge his conviction had been rejected by this Court, release of these specific recorded telephone conversations not only support his claims of being actually innocent, but also are not "law enforcement" records as recognized by courts interpreting FOIA.

These concerns are best visited after full briefing or possibly a hearing for a preliminary injunction, further supporting a TRO at this juncture.

### D. The relief sought will serve the public interest.

In this case, the grant of relief will serve the public interest because it is always in the public interest to assure that the criminal justice system is operating and conducting itself in a fair administering capacity. Moreover, the FOIA itself recognizes the

public benefit in releasing requested materials when release outweighs any privacy interest.

### Point 2
### The Plaintiff should not be required to post security

Usually a litigant who obtains interim injunctive relief is asked to post security. F.R.Civ.P. 65(c)(West 2007). However, the plaintiff is an indigent prisoner and is unable to post security. In view of the serious lost confronting the plaintiff, the Court should grant the relief requested without requiring the posting of security.

### CONCLUSION

For the foregoing reasons, this Honorable Court should grant the motion in its entirety.

Respectfully submitted,

*/s/ Gregory A. Chilton*
Mr. Gregory A. Milton
Pro se Plaintiff
Reg. No. 04717-084
U.S.P. Allenwood
Post Office Box 3000
White Deer, Pennsylvania
17887-3000