## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

GREGORY A. MILTON )
# 047717-084 )
Post Office Box 3000 )
White Deer, Pennsylvania 17887 )
  )
        Plaintiff, )
  )
        v. )     Civil Action No. 08-0242 (RWR)
  )
UNITED STATES DEPARTMENT )
OF JUSTICE, Federal Bureau of )
Prisons, 320 First Street, N.W. )
Washington, D.C. 20534 )
  )
        Defendant. )
_____)

## DEFENDANT'S MOTION TO DISMISS OR,
## IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant, Federal Bureau of Prisons ("BOP"), by and through undersigned counsel, respectfully moves the Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, or, in the alternative, to enter summary judgment in favor of Defendant, pursuant to Fed. R. Civ. P. 56, because there is no genuine issue as to any material fact, and Defendant is entitled to judgment as a matter of law. In support of this motion, Defendants respectfully refer the Court to the accompanying and statement of materials facts as to which there is no genuine issue and memorandum in support of this motion.

Plaintiff should take notice that any factual assertions contained in the documents in support of this motion will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in the documents. See Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992), LCvR 7(h), and Fed. R. Civ. P. 56(e), which provides as follows:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____/s/_____
CHRISTIAN NATIELLO, D.C. BAR # 473960
Assistant United States Attorney
555 Fourth Street, N.W.
Room E-4220
Washington, D.C. 20530
(202) 307-0338


Date: May 5, 2008

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| GREGORY A. MILTON | ) | |
| # 047717-084 | ) | |
| Post Office Box 3000 | ) | |
| White Deer, Pennsylvania 17887 | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | Civil Action No. 08-0242 (RWR) |
|  | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF JUSTICE, Federal Bureau of | ) | |
| Prisons, 320 First Street, N.W. | ) | |
| Washington, D.C. 20534 | ) | |
|  | ) | |
| Defendant. | ) | |

_____)

### STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

1.    Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a., Plaintiff requested that the Bureau of Prisons ("BOP") give him a recorded copy and/or transcript of a monitored telephone call (or several phone calls) he made during his imprisonment at a federal prison (USP  Allenwood) in Allenwood, Pennsylvania.  Declaration of Vanessa Herbin-Smith, attached as Exhibit B to Defendant's Points and Authorities in Support of Motion to Dismiss or for Summary Judgment, at ¶ 2.

2.    Plaintiff has made two requests for the records or recordings.  His first request was received by the BOP on March 20, 2006.  This request asked for the records of one phone call that Plaintiff had made while at USP Allenwood.    Declaration of Vanessa Herbin-Smith, at ¶ 3.

3.    The second request was received by the BOP on October 4, 2006.  This request asked for the records of four phone calls Plaintiff had made while at USP Allenwood.  Id.

4.    Both of Plaintiff's requests were responded to by BOP.  In a letter dated September 22,

2006, the BOP informed Plaintiff that while the call he requested had been preserved, BOP would not be able to release it to Plaintiff until Plaintiff sent an executed privacy waiver to BOP that is signed by the third party on the telephone call with Plaintiff.  <u>Id</u>. at ¶ 9.

5.    In another letter dated November 13, 2006, BOP informed Plaintiff that while the four calls he requested had been preserved, BOP would not be able to release them to Plaintiff until Plaintiff sent executed privacy waivers to BOP that are signed by the third parties on the telephone calls with Plaintiff.  <u>Id</u>. at ¶ 13.

6.    Finally, the BOP sent Plaintiff another letter, dated March 29, 2007, reiterating to Plaintiff that while the calls he requested had been preserved, the BOP would not be able to release them to Plaintiff until Plaintiff sent executed privacy waivers to BOP that are signed by the third parties on the telephone calls with Plaintiff.  <u>See</u> Exhibit A to Defendant's Points and Authorities in Support of Motion to Dismiss or for Summary Judgment.

7.    Plaintiff never sent to BOP executed privacy waivers that are signed by the third parties on the telephone calls with Plaintiff.  Declaration of Vanessa Herbin-Smith at ¶¶ 10, 14.

8.    Segregating the parts of the phone calls where only Plaintiff's voice is audible is not possible in this case.  <u>Id</u>. at ¶ 6.

Respectfully submitted,


    /s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


    /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


    /s/
CHRISTIAN NATIELLO, D.C. BAR # 473960
Assistant United States Attorney
555 Fourth Street, N.W.
Room E-4220
Washington, D.C. 20530
(202) 307-0338


Date: May 5, 2008

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

GREGORY A. MILTON                    )
# 047717-084                         )
Post Office Box 3000                 )
White Deer, Pennsylvania 17887       )
                                     )
                 Plaintiff,          )
                                     )
          v.                         )        Civil Action No. 08-0242 (RWR)
                                     )
UNITED STATES DEPARTMENT             )
OF JUSTICE, Federal Bureau of        )
Prisons, 320 First Street, N.W.      )
Washington, D.C. 20534               )
                                     )
                 Defendant.          )
_____)

**DEFENDANT'S POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION
TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendant Federal Bureau of Prisons (BOP) moves this Court to dismiss this civil action,

pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, for summary judgment pursuant to Fed.

R. Civ. P. 56 (c).

**I.    INTRODUCTION**

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy

Act, 5 U.S.C. § 552a., Plaintiff brought a Complaint against BOP to obtain[1] a recorded copy and

transcript of a monitored telephone call (or several phone calls)[2] he made during his

_____

[1] Plaintiff also prays for the preservation of the record(s) in question.

[2] It is unclear how many records Plaintiff seeks. In one paragraph of his Complaint, Plaintiff appears to be talking about the record of one phone call. Complaint at ¶ 5. In another paragraph, Plaintiff mentions three telephone calls. Complaint at ¶ 18. In yet another paragraph, Plaintiff contends that there are records for four phone calls. Complaint at ¶ 17. Nonetheless, Defendant acknowledges having records of four telephone calls. Defendant's response is not affected

imprisonment at a federal prison – USP Allenwood – in Allenwood, Pennsylvania. Defendant

has not improperly withheld any records from Plaintiff because: 1) Plaintiff has not provided to

BOP privacy waivers from the individual(s) with whom he spoke during the telephone

conversation(s), allowing Defendant to complete the FOIA processing; and 2) FOIA exemptions

6 and 7(c) prevent BOP from releasing the requested telephone conversations. Thus, this case

should be dismissed or summary judgment should be entered as a matter of law. See

Fed.R.Civ.P. 12(b)(6) or Fed.R.Civ.P. 56( c).

## II.    BACKGROUND

Plaintiff is incarcerated at a federal prison in Allenwood, Pennsylvania. He claims that

one or more telephone conversations that he made from his prison were recorded and that the

Northeast Regional Office of the Bureau of Prisons has possession of the transcripts or the

recordings. Plaintiff seeks the recordings or transcripts of those calls.

## III.    STANDARD OF REVIEW

### A.    Motion to Dismiss

On a motion to dismiss for failure to state a claim upon which relief can be granted

pursuant to Rule 12(b)(6), the Court will dismiss a claim if a plaintiff's complaint fails to plead

"enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v.

Twombly, 127 S. Ct. 1955, 1974 (2007) (clarifying the standard from Conley v. Gibson, 355 U.S.

41, 47 (1957)); see also In re Sealed Case, 494 F.3d 139, 145 (D.C. Cir. 2007) (citing Twombly).

Hence, the focus is on the language in the complaint, and whether that language sets forth

sufficient factual allegations to support plaintiff's claims for relief.

_____

regardless of the number of those calls for which Plaintiff is actually requesting records.

The Court must construe the factual allegations in the complaint in the light most favorable to Plaintiff and must grant Plaintiff the benefit of all inferences that can be derived from the facts as they are alleged in the complaint.  Barr v. Clinton, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (citing Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).  However, the Court need not accept any inferences or conclusory allegations that are unsupported by the facts pleaded in the complaint.  Kowal, 16 F.3d at 1276.  Moreover, the Court need not "accept legal conclusions cast in the form of factual allegations." Id.  Generally speaking, the Court should not consider matters beyond the pleadings without converting the motion to one for summary judgment.  See Fed. R. Civ. P. 12(b)(6).

B.     Summary Judgment

Where no genuine dispute exists as to any material fact, summary judgment is required. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  A genuine issue of material fact is one that would change the outcome of the litigation.  Id. at 247.  "The burden on the moving party may be discharged by 'showing' – that is, pointing out to the [Court] – that there is an absence of evidence to support the non-moving party's case." Sweats Fashions, Inc. v. Pannill Knitting Company, Inc., 833 F.2d 1560, 1563 (Fed. Cir. 1987).  Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  "[T]he Court must view all facts in the light most favorable to the non-moving party." People For the American Way Foundation v. National Park Service, 503 F.Supp. 2d 284, 291 ( D.D.C. 2007).   FOIA cases are typically decided on motions for summary judgment.  See Cappabianca v. Commissioner, U.S. Customs Serv., 847 F.Supp. 1558, 1562 (M.D. Fla. 1994)

("once documents in issue are properly identified, FOIA cases should be handled on motions for summary judgment") (<u>citing</u> <u>Miscavige v. IRS</u>, 2 F.3d 366, 368 (11th Cir. 1993)). <u>3/</u>  To be entitled to summary judgment, the agency must prove that each document was produced, not withheld, is unidentifiable, or is exempt from disclosure.  <u>Students Against Genocide v. Dept. of State</u>, 257 F.3d 828, 833 (D.C. Cir. 2001); <u>Weisberg v. U.S. Dept. of Justice</u>, 627 F.2d 365, 368 (D.C. Cir. 1980).  Summary judgment may be awarded to an agency in a FOIA case solely on the basis of agency affidavits or declarations if the "affidavits are 'relatively detailed, non-conclusory, and not impugned by evidence ... of bad faith on the part of the agency.'"  <u>Public Citizen, Inc. v. Dept. of State</u>, 100 F.Supp.2d 10, 16 (D.D.C. 2000) (<u>quoting</u> <u>McGhee v. Central Intelligence Agency</u>, 697 F.2d 1095, 1102 (D.C. Cir. 1983).  "Summary judgement is available to the defendant in a FOIA case, when the agency proves that it has fully discharged its obligations under FOIA."  <u>Miller v. U.S. Dept. of State</u>, 779 F.2d 1378, 1382 (8th Cir. 1985).

## IV.    DISCUSSION

### A.    Defendant has not improperly withheld records

Defendant has not improperly withheld agency records.  After receiving the FOIA and Privacy requests and locating the telephone calls, Defendant informed Plaintiff that waivers were needed from the persons with whom he spoke on the telephone before his request would be processed further.  <u>See</u> Letters in Response to Plaintiff's Requests, attached as Exhibit A.  In its November 13, 2006-letter, Defendant informed Plaintiff:

[F]our telephone calls have been preserved.  Prior to processing your request, you must

---

<u>3/</u>        For summary judgment purposes, an agency's decision to withhold information from a FOIA requester is subject to <u>de novo</u> review by the courts.  <u>Hayden v. National Security Agency Cent. Sec. Serv.</u>, 608 F.2d 1381, 1384 (D.C. Cir. 1979), <u>cert. denied</u>, 446 U.S. 937 (1980).

have the individuals you conversed with during these telephone conversations forward executed Privacy Act waivers to this office.  Upon receipt of the Privacy Act waivers, your request will be processed further.[4/]

In fact, Plaintiff has been given the same message – provide executed privacy waivers from the individuals with whom Plaintiff conversed – three different times.  See Exhibit A; also see Declaration of Vanessa Herbin-Smith, attached as Exhibit B.

Regarding Plaintiff's Privacy Act request, the Attorney General has promulgated rules that exempt these records from the Privacy Act's access provision as authorized by 5 U.S.C. § 552a(j)(2) which can be found at 28 C.F.R. § 16.81.  See e.g., Sellers v. Bureau of Prisons, 959 F.2d 307, 309 (D.C. Cir. 1992).  Thus, Plaintiff's requests were processed under the FOIA.  See Declaration of Vanessa Herbin-Smith, attached as Exhibit B at ¶ 5.

A plaintiff in a FOIA case must show that an agency has "(1) 'improperly' (2) 'withheld' (3) 'agency records.'"  United States Dep't of Justice v. Tax Analysts, 492 U.S. 136, 142 (1989) (quoting Kissinger v. Reporters Comm. for Freedom of Press, 445 U.S. 136, 150 (1980)).  See 5 U.S.C. Section 552(a)(4)(B).  In this case, because Plaintiff had not provided waivers to allow Defendant to complete the FOIA process, agency records have not been improperly withheld from Plaintiff.  See  Schwarz v. FBI  31 F. Supp. 2d 540, 542 (N.D. W.Va. 1998) (court found that the agencies properly denied the plaintiff's request for a record involving a third party because without submitting a waiver, the release would have violated the privacy rights of the

---

[4/]      Exhibit A.  See also, BOP's Program Statement, which implements the provisions of the Freedom of Information and Privacy Acts and does not authorize the release of third party information without written consent. (Exhibit C – Section 9 – Protection of Individual Privacy – Disclosure of Records to Third Parties).  In part, Section 9(a) reads:  "Staff may disclose information from a Bureau system of records only if one or more of the following criteria apply: (1) With the written consent of the individual to whom the record pertains.  The Release of Information Consent form...may be used."

third party).

**B.      Telephone Conversations are Subject to Exemptions 6 and 7(C) Under FOIA**

Even if the recordings contained conversations responsive to Plaintiff's request, without

the Privacy Act waivers, the recordings are subject to withholding by the BOP because of

exemptions 6 and 7(c) under the Freedom of Information Act.  5 U. S.C. § 552(b)(6) and 7(c).

Those exemptions permit  an agency to consider the personal privacy of the subject of the

requested records.  However, (b)(6) and 7(c) each employ a slightly different standard by which

an agency must measure its justification for withholding a requested record.  Exemption 6

prohibits the release of "personnel and medical files and similar files the disclosure of which

would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6).

Exemption 7(c) prohibits the release of "records or information compiled for law enforcement

purposes, but only to the extent that the production of such law enforcement records or

information could reasonably be expected to constitute an unwarranted invasion of personal

privacy."  5 U.S.C. § 552(b)(7)(c).

The threshold question for an agency justifying its withholding of a record pursuant to

Exemption 6 is whether the records in question are personnel, medical, or similar information.

New York Times Company v. National Aeronautics and Space Administration, 920 F.2d 1002,

1004 (D.C. Cir. 1990).  On the other hand, the threshold question for an Exemption 7(C)

withholding is whether the documents or information in question were compiled for law

enforcement purposes.  Keys v. United States Department of Justice, 830 F.2d 337, 340 (D.C. Cir.

1987).  Once it is determined that both exemptions apply, the balancing test for Exemption 6 and

6

Exemption 7(C) is the same – the court must weigh the privacy interests implicated by the release

of the requested records against the public's interest in their disclosure.  U.S. Dep't. of Justice v.

Reporters Committee for Freedom of the Press, 489 U.S. 749, 762, 109 S.Ct. 1468, 103 L.Ed.2d

774 (1989); Nix v. United States, 572 F.2d 998, 1002 (4th Cir. 1978).

      The two exemptions differ, however, with respect to how much weight the privacy interest

carries.  With respect to the two exemptions' differing standards, the Supreme Court explained:

> Exemption 7(c) is more protective of privacy than Exemption 6: The former
> provision applies to any disclosure that "could reasonably be expected to
> constitute" an invasion of privacy that is "unwarranted," while the latter bars any
> disclosure that "would constitute" an invasion of privacy that is "clearly
> unwarranted."

United States Department of Defense, et al. v. Federal Labor Relations Authority, 510 U.S. 487,

497 n. 6 (1994).  "Thus, the standard for evaluating a threatened invasion of privacy interests

resulting from the disclosure of records compiled for law enforcement purposes is somewhat

broader than the standard applicable to personnel, medical, and similar files."  Reporters

Committee, 489 U.S. at 756.

      **1.**    **Exemption 6.**

      Exemption 6 prohibits the release of personnel, medical, or similar files where the release

of such files would constitute a clearly unwarranted invasion of personal privacy.  In this case, the

recordings of phone calls are neither personnel nor medical files, but do qualify as "similar files"

for purposes of Exemption 6.  The Supreme Court has established that the phrase "similar files" is

intended to cover a broad range of records.  In United States Department of State, et al. v.

Washington Post Company, 456 U.S. 595 (1982), the Court rejected the argument that the term

"similar files" should narrowly be construed to include only those files containing "intimate

details" and "highly personal" information.    456 U.S. at 600.    In doing so, the Court explained

that the scope of Exemption 6 is limited by the "clearly unwarranted invasion of personal

privacy" standard contained in the exemption.    "Thus, the primary concern of Congress in

drafting Exemption 6 was to provide for the confidentiality of personal matters."  Id. at 559-60

(citing Department of Airforce v. Rose, 425 U.S. 352, 375 n. 14 (1976)).  The threshold inquiry

requires a court to look not to the "'the nature of the file[] in which the information [is]

contained,' but solely to whether the information in the file 'applies to a particular individual.'"

New York Times Company v. National Aeronautics and Space Administration, 920 F.2d 1002,

1007 (D.C. Cir. 1990) (citing Washington Post, 456 U.S. at 599 & 602).

    In considering the scope of the "similar files" language, the D.C. Circuit "has observed

that Exemption 6 'is designed to protect personal information in public records, even if it is not

embarrassing or of an intimate nature . . . .'" National Association of Home Builders v. Norton,

309 F.3d 26, 32 (D.C. Cir. 2002) (citing Nat'l Ass'n of Retired Fed. Employees v. Horner, 879

F.2d 873, 875 (D.C. Cir. 1989).  The D.C. Circuit has previously described this threshold as

"minimal."  Washington Post Co. v. HHS, 690 F.2d 252, 260 (1982).    The D.C. Circuit held that

the recorded voices of the NASA astronauts on the Space Shuttle Challenger constituted

information which applies to "particular individuals," and therefore were "similar files" for

purposes of Exemption 6.  New York Times Company v. National Aeronautics and Space

Administration, 920 F.2d 1002, 1009-10 (D.C. Cir. 1990).  There is little doubt that the recorded

voices of Plaintiff and any other individuals on the recordings on May 13, 2006, June 2, 2006,

August 5, 2006, and September 8, 2006, telephone calls would apply to "particular individuals"

and would be considered as "similar files" for exemption 6 purposes.

8

2.    **Exemption 7(C).**

The analysis for Exemption 7(C) is whether the "records or information" – in this case the telephone calls – were compiled for law enforcement purposes.  5 U.S.C. § 552(b)(7).  "Because the DOJ is an agency specializing in law enforcement, its claim of a law enforcement purpose is entitled to deference."  Center for Nat. Sec. Studies v. U.S. Dept. of Justice, 331 F.3d 918, 926 (D.C. Cir. 2003).  To establish a law enforcement purpose, an agency must establish "(1) a rational nexus between the investigation and one of the agency's law enforcement duties; and (2) a connection between an individual or incident and a possible security risk or violation of federal law."  Id. (internal citations omitted).

In this case, BOP, a Department of Justice component, compiles recorded telephone conversations in order to ensure the safety of its institutions and to protect the public.  Bureau of Prisons regulations state in part:

> The Warden shall establish procedures that enable monitoring of telephone conversations on any telephone located within the institution, said monitoring to be done to preserve the security and orderly management of the institution and to protect the public.

28 C.F.R. § 540.102.

Furthermore, BOP published in the Federal Register, as required by the Privacy Act of 1974 (5 U.S.C. 552a), a notice establishing a new system of records entitled "Telephone Activity Record System (Justice/BOP-011)."  As part of this notice, the Bureau of Prisons detailed the purposes for which this system of records is maintained:

> This system of records is maintained to manage financial records relating to inmate calls and to ensure that inmates exercise their telephone privileges in a manner consistent with correctional goals.  The related uses for which BOP will maintain the system include: (1) accounting of inmate funds for telephone  use; (2) maintaining inmate telephone lists; (3) monitoring of inmate telephone activity;

9

and (4) conducting investigations, e.g., investigations of inmate funds as related to telephone usage, and/or illegal activities or suspected illegal activities being conducted, coordinated or directed from within a Federal correctional institution."

Privacy Act of 1974; New Systems, 60 Fed.Reg. 19, 958 (1995).

Inmates' calls are randomly monitored by institution staff to detect activity which would impact the safety and security of the institution or pose a threat to the public. Among other things, BOP has been able to thwart an escape attempt and the introduction of drugs into a Federal institution by monitoring inmates' phone calls. See U.S. v. Horr, 963 F.2d 1124, 1125-26 (8th Cir. 1992) (thwarting escape attempt); U.S. v. Amen, 831 F.2d 373, 375 (2nd Cir. 1987) (the evidence establishing a heroin enterprise run from a federal penitentiary consisted primarily of communications taped under the prison monitoring system); U.S. v. Paul, et al., 614 F.2d 115, 116-17 (4th Cir. 1980) (introduction of drugs into a federal prison). See also U.S. v. Van Poyck, 77 F.3d 285, 287-88 (9th Cir. 1996). The recording and compiling of the telephone conversations at issue in this case were rationally related to the Bureau of Prisons' law enforcement purpose of operating secure and orderly correctional institutions, protecting the public, and targeting substantial security risks and potential violations of federal law that are present when inmates have access to telephones.

## C.    Balancing Private and Public Interests

Once it is determined that Exemptions 6 and 7(C) apply to the instant recordings, the inquiry shifts to whether disclosure of the recordings "would constitute a clearly unwarranted invasion of personal privacy," 5 U.S.C. § 552(b)(6), or "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). This inquiry involves, essentially, a weighing of the privacy interest of the parties involved against "the only

10

relevant public interest in the FOIA balancing analysis – the extent to which disclosure of the information sought would shed light on an agency's performance of its statutory duties or otherwise let citizens know what their government is up to." Federal Labor Relations Authority, 510 U.S. at 497 (internal quotation marks omitted).

### 1.    Privacy Interest

The recorded conversations(s) implicate the privacy interests of at least one other person on each of the telephone calls.  Another judge in this Court has already held that, in this situation, the privacy interests of persons other than plaintiff outweigh the public interest in the release of recorded telephone conversations.  See Order, Herman McMillian v. Federal Bureau of Prisons, No. 03-1210 (GK) at 9 (D.D.C. July 23, 2004), attached as Exhibit D.  As a threshold matter, there is a strong societal expectation that private telephone conversations will remain private. The district judge in Herman McMillian  recognized that releasing a recording of a telephone conversation can be an invasion of personal privacy.  Id.  Even if the recipients did know that their calls were subject to monitoring and recording, such knowledge does not translate into consent to public release of the recordings.[5/]  In the absence of any evidence that the recipients knew that the calls were monitored and recorded, and that they have consented to the calls' release, doing so would constitute a clearly unwarranted invasion of those individuals' personal privacies.

### 2.    Public Interest

Once the privacy interests of the individuals have been identified, the next step in the

_____

[5/]      Plaintiff is in fact asking for the public release of these telephone calls.  See Nara v. Favish, 541 U.S. 157, 174 reh'd denied 541 U.S. 1057 (2004) (confirming the "well known maxim under the FOIA that 'release to one is release to all.'").

11

balancing inquiry is to weigh the public's interest in the records.  The D.C. Circuit has long held that the public interest contemplated by the FOIA is that of the general public, not a private litigant.  Ditlow v. Shultz, 517 F.2d 166, 171-72 (D.C. Cir. 1975).  The law is clear that plaintiff's personal interest is entitled to no weight under the FOIA.  Oguaju v. United States, 288 F.3d 448, 450, *judgment vacated sub nom,* Oguaju v. U.S. Marshals Service, 544 U.S. 983, 124 S.Ct. 1903 (2004), *judgment reinstated,* Ogauaju v. United States, 544 F.3d 983, 2004 WL 1822716 (D.C. Cir. August 17, 2004).  Thus, the  FOIA was not intended to be an "administrative discovery statute for the benefit of private parties."   Brown v. Federal Bureau of Investigation, 658 F.2d 71, 75 (2nd Cir. 1981) (citing Ditlow, 517 F.2d at 171-72).  Nor did Congress intend to make the Federal Government a "clearinghouse for personal information."  Reporters Committee for Freedom of the Press, 489 U.S. at 761.  As mentioned above, the sole public interest in the FOIA balancing inquiry is to shed light on an agency's performance of its statutory duties or otherwise let citizens know what their government is up to."  Federal Labor Relations Authority, 510 U.S. at 497.

        In this case, there is no  public interest in the records which Plaintiff seeks.  First, it should be noted that where government misconduct is the justification for the requested release of records, "the public interest is insubstantial unless the requestor puts forth compelling evidence that the agency denying the FOIA request is engaged in illegal activity and shows that the information sought is necessary in order to confirm or refute that evidence."  Davis v. Dep't of Justice, 968 F.2d 1276, 1282 (D.C. Cir. 1992).  Nowhere does Plaintiff allege that the four calls contain any information relevant to BOP's activities.  In the absence of a public interest in the disclosure of the phone recordings, any privacy interest will tilt the scale in favor of withholding

the information, because, as the D.C. Circuit cogently observed, "something outweighs nothing, every time." Oguaju, 288 F.3d at 451 (citing Nat'l Association of Retired Fed. Employees v. Horner, 879 F.2d 873, 879 (D.C. Cir. 1989).

Therefore, even if the recordings were responsive, they would be exempt from the FOIA's access provisions by virtue of Exemption 6 and Exemption 7(C).

**IV.    The telephone calls are not segregable**

Finally, under FOIA, agencies withholding records are required to release "any reasonably segregable portion" thereof, 5 U.S.C. § 552(b), presumably including Plaintiff's portions of the telephone recordings. However, the format used to record the telephone calls ("wav.") does not make it possible to segregate Plaintiff's portions. See Declaration of Vanessa Herbin-Smith ¶ 6, attached as Exhibit C. Furthermore, individuals are interrupting each other on the telephones which makes segregating Plaintiff's portions difficult and would take the conversations out of context. Id. Also, BOP does not have facilities to prepare and then redact transcripts of the conversations, see id. para. 6, and such action would in any event involve the production of a new record, something not required by the FOIA. See  Center for Public Integrity v. F.C.C., 2007 WL 2411811 (August 27, 2007).

**CONCLUSION**

For the above stated reasons, Defendants request that the motion to dismiss, or in the alternative, for summary judgment, be granted.

Respectfully submitted,

    /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


    /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


    /s/
CHRISTIAN NATIELLO, D.C. BAR # 473960
Assistant United States Attorney
555 Fourth Street, N.W.
Room E-4220
Washington, D.C. 20530
(202) 307-0338

Date: May 5, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of May, 2008, I caused the foregoing to be served by

first class mail, postage prepaid, to plaintiff *pro se*:


Gregory A. Milton, #04717-084
Post Office Box 3000
White Deer, Pennsylvania 17887



    /s/
CHRISTIAN NATIELLO
Assistant United States Attorney
555 Fourth Street, N.W.
Room E-4220
Washington, D.C. 20530
(202) 307-0338 (telephone)

Exhibit A



U.S. Department of Justice

Federal Bureau of Prisons

Northeast Regional Office

U.S. Custom House - 7th Floor
2nd & Chestnut Streets
Philadelphia, PA. 19106

March 29, 2007

Gregory A. Milton, Reg. No. 04717-084
United States Penitentiary - Allenwood
P.O. Box 3000
White Deer, Pennsylvania  17887-3000

RE:  Freedom of Information (FOI) Request Nos. 2007-00538
     & 2006-04529

Dear Mr. Milton:

This is in response to your letter dated March 8, 2007, regarding
Freedom of Information Request Nos. 2007-00538 and 2006-04529.

As mentioned in my previous response letters to you, you must
have the individuals that you conversed with during these
telephone conversations forward executed Privacy Act waivers to
this office.  As requested, attached please find a Certification
of Identity.

Your request for the dates and times of the four telephone calls
in FOI Request No. 2007-00538 are as follows; May 13, 2006 at
8:46 p.m., June 2, 206 at 12:13 p.m., August 5, 2006 at 9:41
a.m., and September 8, 2006 at 7:38 p.m.

I trust that we have been responsive to your request.

Sincerely,

Henry J. Sadowski
Regional Counsel

Enclosures:  1 page



U.S. Department of Justice

Federal Bureau of Prisons

Northeast Regional Office

U.S. Custom House - 7th Floor
2nd & Chestnut Streets
Philadelphia, PA. 19106

November 13, 2006

Gregory A. Milton, Reg. No. 04717-084
United States Penitentiary - Allenwood
P.O. Box 3000
White Deer, Pennsylvania  17887-3000

RE:  Freedom of Information Request No. 2007-00538

Dear Mr. Milton:

This is in response to your request for information that
was received by this office on October 4, 2006.  You request a
copy of any and all ITS recordings made to telephone number
(914) 843-7722 from February 26, 2006, to September 29, 2006.

In response to your request, four telephone calls have been
preserved.  Prior to processing your request, you must have
the individuals that you conversed with during these telephone
conversations forward executed Privacy Act waivers to this
office.  Upon receipt of the Privacy Act waivers, your request
will be processed further.

I trust that we have been responsive to your request.

Sincerely,

Henry J. Sadowski
Regional Counsel



U.S. Department of Justice

Federal Bureau of Prisons

Northeast Regional Office

U.S. Custom House - 7th Floor
2nd & Chestnut Streets
Philadelphia, PA. 19106

September 22, 2006


Gregory A. Milton, Reg. No. 04717-084
United States Penitentiary - Allenwood
P.O. Box 3000
White Deer, Pennsylvania  17887-3000

RE:  Freedom of Information Request No. 2006-04529

Dear Mr. Milton:

This is in response to your requests for information
that were received by this office on March 20, 2006, and
September 9, 2006. You request a copy of a taped telephone
conversation that occurred on February 25, 2006, at
approximately 10:40 a.m.

In response to your requests, one telephone call has been
preserved.  Prior to processing your request, you must have
the individual who conversed during this telephone conversation
forward an executed Privacy Act waiver to this office.  Upon
receipt of the Privacy Act waiver, your request will be
processed further.

I trust that we have been responsive to your request.

Sincerely,

Henry J. Sadowski
Regional Counsel

Exhibit B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY A. MILTON,                    :
                                      :
              Plaintiff ,             : Civil No.: 08-cv-00242 (RWR)
         v.                           :
                                      :
                                      :
FEDERAL BUREAU OF PRISONS,            :
                                      :
              Defendant.              :
_____      :

## DECLARATION OF VANESSA HERBIN-SMITH

I, Vanessa Herbin-Smith, under penalty of perjury do hereby declare, certify and state:

1.    I am the Supervisory Paralegal Specialist for the Federal Bureau of Prisons (hereinafter BOP), Northeast Regional Office, Philadelphia, Pennsylvania.  As part of my official duties, I assist in coordinating responses to Freedom of Information Act (FOIA) requests made to the BOP for records maintained in the Northeast Region.  I have access to the Freedom of Information Act and Privacy Act (hereinafter FOIA/PA) files of the requests processed in this office.  I am familiar with, and received training on, the policies and procedures regarding the processing and release of information under the FOIA/PA.

2.    I have reviewed the documents filed by the Plaintiff, Gregory A. Milton, Register Number 04717-084, who is currently

1

incarcerated at the United States Penitentiary Allenwood (USP Allenwood), White Deer, Pennsylvania. Plaintiff seeks copies of telephone calls he placed to a certain telephone number (914-843-7722) between a certain period of time (February 25, 2006 and September 29, 2006).

3.    Records maintained in this office reflect Plaintiff Milton submitted two Freedom of Information Act requests to the BOP, Central Office, FOIA/PA Section. These were forwarded to the BOP's Northeast Regional Office for processing. The requests were assigned FOIA Request Nos. **2006-04529 and 2007-00538** and processed consistent with BOP's national policy on FOIA/Privacy Act Requests as described in Program Statement No. 1351.05, Release of Information. Attached as Exhibit 1 is the BOP's Program Statement No. 1351.05, Release of Information.

4.    The BOP is a law enforcement agency. The definition of "law enforcement officer" includes "an employee of the [BOP] or Federal Prisons Industries, Incorporated." 5 U.S.C. § 8401 (17)(D)(I). Furthermore, BOP is tasked with the law enforcement mission of protecting inmates, staff, and the community. See 18 U.S.C. §§ 3050, 4042.

2

5.    The BOP processes all requests for records by individuals (or entities) pertaining to themselves (as in this case) under FOIA in order to provide the requester the maximum disclosure authorized by law.  The Attorney General has promulgated rules exempting these records from the Privacy Act's (PA) access provision as authorized by 5 U.S.C. § 552a(j)(2), which appears at 28 C.F.R. § 16.81. Subsection (j)(2) exempts from mandatory disclosure records maintained by an agency or component thereof, which involve as its principal function any activity pertaining to the enforcement of criminal laws.

6.    Under the FOIA, agencies that withhold records are required to release "any reasonably segregable portion" thereof. 5 U.S.C. § 552(b).  In this case, I have been advised by our FOIA experts that the type of format (".wav") of the requested and recorded conversation discussed below does not make it possible to segregate.  In addition, efforts to segregate calls are made very difficult by individuals interrupting each other throughout the call and would place the conversations out of context.

## FOIA REQUEST NO. 2006-04529

7.    Plaintiff Milton alleges that he has not received a response to this FOIA request in which he seeks a copy of a telephone call placed to a single number on a specific date.

3

8.    Official records maintained in this office reflect Plaintiff Milton's request was dated March 16, 2006, and received by the BOP's Northeast Regional Office on March 20, 2006. In this request he seeks a copy of a single call placed to telephone number 914-843-7722 on March 25, 2006 at approximately 10:40 a.m.. A true and correct copy of this request is attached hereto as **Exhibit 2**.

9.    By letter dated September 22, 2006, the BOP notified Plaintiff that one telephone call has been preserved and that prior to processing his request, the individual with whom he conversed must forward an executed Privacy Act waiver to this office. A true and correct copy of this letter is attached hereto as **Exhibit 3**.

10.    A review of FOIA Request No. 2006-04529 on this date indicates that the call has been preserved and is in the file. Furthermore, a review of FOIA Request No. 2006-04529 failed to locate a signed copy of any executed Privacy Act waiver submitted by a participant in the telephone conversation.

## FOIA REQUEST NO. 2007-00538

11.    Plaintiff Milton also alleges that he has not received a response to his FOIA request in which he seeks a copy of any and all telephone calls to that same number between February 26, 2006,

4

and September 26, 2006.

12. Official records maintained in this office reflect Plaintiff Milton's request dated September 29, 2006, was received by the BOP's Northeast Regional Office on October 4, 2006. The request was assigned Request Number **2007-00538**. A true and correct copy of this request is attached hereto as **Exhibit 4**.

13. By letter dated November 13, 2006, the BOP notified Plaintiff that four telephone calls have been preserved and that prior to processing his request, the individuals with whom he conversed must forward an executed Privacy Act waiver to this office. A true and correct copy of this letter is attached hereto as **Exhibit 5**.

14. A review of FOIA Request No. 2007-00538 on this date indicates that four calls have been preserved and are in the file. Furthermore, a review of FOIA Request No. 2007-00538 failed to locate a signed copy of any executed Privacy Act waiver submitted by a participant in the telephone conversation(s).

15. With respect to the recordings of telephone calls Plaintiff requested, this office has not yet made a determination whether the recordings should be released or not because the

5

Plaintiff has not provided all of the information necessary to further process the request.

16.   Plaintiff Milton has not filed any appeals with the Department Of Justice's Office of Information and Privacy challenging any action of the Bureau of Prisons regarding these two requests.  Furthermore, Plaintiff Milton has not yet exhausted his administrative remedies through the Bureau of Prisons Administrative Remedy Process (see 28 C.F.R. Section 542.10, et. seq.)   A true and correct copy of the recently responded to Regional Administrative Remedy appeal is attached as **Exhibit 6**.

Pursuant to the provisions of 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 2nd day of May, 2008.

Vanessa Herbin-Smith
Supervisory Paralegal Specialist
Federal Bureau of Prisons
Philadelphia, Pennsylvania

6

# EXHIBIT 1



**U.S. Department of Justice**
Federal Bureau of Prisons

# Program Statement

| | |
|---|---|
| **OPI:** | OGC |
| **NUMBER:** | 1351.05 |
| **DATE:** | 9/19/2002 |
| **SUBJECT:** | Release of Information |

### PART ONE: [GENERAL PROVISIONS AND PROCEDURES]

1. **[PURPOSE AND SCOPE § 513.30.  This subpart establishes procedures for the release of requested records in possession of the Federal Bureau of Prisons ("Bureau").  It is intended to implement provisions of the Freedom of Information Act (FOIA), 5 U.S.C. 552, and the Privacy Act, 5 U.S.C. 552a, and to supplement Department of Justice (DOJ) regulations concerning the production or disclosure of records or information, 28 CFR part 16.]**

The Freedom of Information Act (FOIA) and the Privacy Act (PA) interact with each other in two areas:

- When any person requests access to records about himself or herself, both statutes become potentially applicable;

- When any person requests access to another individual's record through the FOIA, the Privacy Act may prohibit the disclosure of that record unless FOIA requires it.

The determination of what information may be released requires Bureau staff to have a basic understanding of both the FOIA and the Privacy Act, as well as a working knowledge of DOJ and Bureau policy.  Bureau staff also should be aware that the Privacy Act establishes criminal penalties and civil liabilities for unauthorized disclosures.  The appropriate Regional Counsel shall be contacted when staff are uncertain whether requested information may be disclosed.

Staff shall become familiar with the policy governing release of information, with special emphasis upon those areas with direct application to the employee's job.

Information requests submitted by the union pursuant to 5 U.S.C. § 7114 will be addressed in accordance with this provision and relevant case law.

**[Bold Type - Rules]**
Regular Type - Implementing Information

**EXHIBIT 2**



Mr. Gregory A. Milton
Reg. No. 04717-084
U.S.P. Allenwood
Post Office Box 3000
White Deer, Pennsylvania
17887-3000

March 16, 2006

U.S. Department of Justice
Federal Bureau of Prisons
Northeast Regional Office
U.S. Customs House - 7th Floor
Second & Chestnut Streets
Philadelphia, Pennsylvania 19106

Re: F.O.I.A./P.A. Request for ITS Recorded Telephone Conversation

Dear Mr. Sadowski:

   I am writing you requesting under the Freedom of Information/
Privacy Act for an ITS recorded telephone conversation made by me.

   Specifically, I respectfully request that the undersigned BOP
inmate's recorded teleophone conversation made through his approved
telephone list i.e., to telephone number (914)843-7722 on Saturday,
February 25, 2006 at approxiamtely 10:40am be provided to him under
F.O.I.A./P.A.

   In the event that the requested recored telephone conversation
cannot be provided to me immediately, I respectfully request that it
be preserved. This is necessary so that I can take any additional
steps required by law to acquire that recorded telephone conversation
in the future.

   Additionally, I respectfully request that the extra copy of
this letter which is enclosed herein, with the self addressed enve-
lope, be file-stamped "received" by your office and returned to me
in order to acknowledge receipt of the same, and for my personal
records.

   Thank you for your time and attention in this very important
matter, and I look forward to hearing from your office soon.

                              Sincerely yours,

                              Mr. Gregory A. Milton
                              F.O.I.A. Requester


enc.



GM

# EXHIBIT 3



U.S. Department of Justice

Federal Bureau of Prisons

Northeast Regional Office

U.S. Custom House - 7th Floor
2nd & Chestnut Streets
*Philadelphia, PA. 19106*

September 22, 2006

Gregory A. Milton, Reg. No. 04717-084
United States Penitentiary - Allenwood
P.O. Box 3000
White Deer, Pennsylvania  17887-3000

RE:  Freedom of Information Request No. 2006-04529

Dear Mr. Milton:

This is in response to your requests for information that were received by this office on March 20, 2006, and September 9, 2006. You request a copy of a taped telephone conversation that occurred on February 25, 2006, at approximately 10:40 a.m.

In response to your requests, one telephone call has been preserved.  Prior to processing your request, you must have the individual who conversed during this telephone conversation forward an executed Privacy Act waiver to this office.  Upon receipt of the Privacy Act waiver, your request will be processed further.

I trust that we have been responsive to your request.

Sincerely,

Henry J. Sadowski
Regional Counsel

# EXHIBIT 4

2007-00538

Mr. Gregory A. Milton
Reg. No. 04717-084
U.S.P. Allenwood
Post Office Box 3000
White Deer, Pennsylvania
17887-3000

7003 3110 0006 1298 6092

September 29, 2006

Mr. Henry J. Sadowski
Regional Counsel
Federal Bureau of Prisons
Northeast Regional Office
U.S. Customs House - 7th Floor
Second & Chestnut Streets
Philadelphia, Pennsylvania  19106

2-26 06
9.29.06

Re: Freedom of Information Request [No. 2006-04529]

Dear Mr. Sadowski:

I am in receipt of your correspondence dated September 22, 2006, concerning my F.O.I.A. Request, Number 2006-04529. (See Attachment 1). Consequently, your preservation of only **"one telephone call"** from the 25th of February, 2006 is lacking in full responsiveness to my request.

Although, my initial letter dated March 16, 2006, requested a single recorded telephone conversation; (see Attachment 2), a subsequent letter dated June 8, 2006, expanded my request to **"any** and **all** other ITS recordings made to telephone number (914) 843-7722 after February 25, 2006 also be preserved[.]" (See Attachment 3).

Thus, I have again submitted a Cop-out to the FCC Allenwood Legal Department requesting that "**all** recorded telephone conversations made by me to telephone number (914) 843-7722 from February 25, 2006 up until the date of th[e] Cop-out [September 29, 2006]" are preserved and made available to me. (See Attachment 4).

Therefore, upon receipt of this clarified F.O.I.A. request, I would very much appreciate if you could take any and all of the necessary steps to assure that the requested recorded telephone calls are identified and preserved in order to be made available to me.

Thank you for your time and anticipated attention to this very important matter, and I look forward to hearing from your office soon.

Sincerely yours,

*Gregory A. Milton*
Mr. Gregory A. Milton

enc.

cc: Bishop Robert E. Milton      OCT - 4 2006
    2455 Drake Street
    Richmond, Virginia

**EXHIBIT 5**

U.S. Department of Justice

Federal Bureau of Prisons

Northeast Regional Office

U.S. Custom House - 7th Floor
2nd & Chestnut Streets
Philadelphia, PA. 19106

November 13, 2006

Gregory A. Milton, Reg. No. 04717-084
United States Penitentiary - Allenwood
P.O. Box 3000
White Deer, Pennsylvania  17887-3000

RE:  Freedom of Information Request No. 2007-00538

Dear Mr. Milton:

This is in response to your request for information that
was received by this office on October 4, 2006.  You request a
copy of any and all ITS recordings made to telephone number
(914) 843-7722 from February 26, 2006, to September 29, 2006.

In response to your request, four telephone calls have been
preserved.  Prior to processing your request, you must have
the individuals that you conversed with during these telephone
conversations forward executed Privacy Act waivers to this
office.  Upon receipt of the Privacy Act waivers, your request
will be processed further.

I trust that we have been responsive to your request.

Sincerely,

Henry J. Sadowski
Regional Counsel

# EXHIBIT 6

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

2/6/08

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

| From: | | | |
|---|---|---|---|
| Milton  Gregory  A. | 04717-024 | 3A | USP Allenwood |
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A--REASON FOR APPEAL** This inmate appeals the Warden's response to his BP-9 concerning the preservation and release of specific recorded telephone conversations and the fact that one recorded call which illegally was identified as one request. First, in the initial written response of the BOP to this inmate's FOIA request (dated Feb. 15, 2006) Regional Counselor informed this inmate that the BP-9 call had been preserved. (See Attachment 1) Therefore a copy of this particular call should be available. Secondly, under FOIA/Privacy Act this inmate any specified recorded calls (including Feb. 15) cannot be withheld upon the criminal circumstances which we Not possess here. Thus, this inmate should be afforded from obtaining a private act waiver from the individual on the call or the phone conversation. Finally, this inmate respectfully request that this inmate be informed in writing on the exact time period when his reply will be delivered or received. Thus, in bringing this up speaking with the Administrative Remedy at USP Allenwood this inmate was told that the BOP maintains one recorded phone conversation for a period of ten (10) days in the archive following its initial incarceration period in sum this inmate again respectfully request that all the previously preserved recorded call are not released or not destroyed, but continued to be preserved pending FOIA litigation purposes.

DATE Mar 19 2008              Gregory A. Milton
_____              SIGNATURE OF REQUESTER

---

**Part B—RESPONSE**

MAR 31 2008
BOP REGION

MAR 14 2008
BOP REGION

---

DATE _____                    REGIONAL DIRECTOR _____

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

FIRST COPY: REGIONAL FILE COPY                    CASE NUMBER: 482978-

---

**Part C—RECEIPT**                              CASE NUMBER: _____

Return to: _____

| | | | |
|---|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

BP-230(13)

**MILTON, Gregory**
Reg. No. 04717-084
Appeal No. 482978-R2
Page One

## Part B - Response

In your appeal, you challenge the response of the Warden at USP
Allenwood concerning the status of requests you submitted under
the Freedom of Information Act for specific telephone calls.  In
this appeal, you seek clarification on the status of the
preservation of the specific telephone calls and contend the
calls should be released without a privacy act waiver.  You also
request a definite time frame that the telephone calls will be
preserved.

Upon receipt of your appeal, a review of the Freedom of
Information Act requests revealed the following information.  In
FOIA Request Number 2006-04529 you seek a copy of a telephone
call from March 25, 2006, at approximately 10:40 am to telephone
number 914-843-7722.  This call has been preserved and, as you
have been advised on numerous occasions, cannot be released
without a signed Privacy Act waiver from the other participant(s)
on the telephone call.  In FOIA Request Number 2007-00538, you
seek a copy of any and all telephone calls to that same number
between February 25, 2006, and September 26, 2006.  Four (4)
telephone calls have been preserved and, as you have been advised
on numerous occasions, cannot be released without a signed
Privacy Act waiver from the other participant(s) on the telephone
calls.  Each of these five calls will be preserved with the FOIA
file in accordance with the applicable record retention schedule.
Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the
General Counsel, Federal Bureau of Prisons.  Your appeal must be
received in the Administrative Remedy Section, Office of General
Counsel, Federal Bureau of Prisons, 320 First Street, N.W.,
Washington, D.C. 20534, within 30 calendar days of the date of
this response.

Date: April 29, 2008                    D. SCOTT DODRILL
                                        Regional Director

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

## REQUEST FOR ADMINISTRATIVE REMEDY

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | | | |
|---|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**

This inmate files this administrative remedy request concerning a previous this request for specific receiver telephone conversations which he sought released to him. As a consequence of this inmate being required to receive the recorded calls he was informed that he would need to have the party to first calls execute a Privacy Act waiver in the past. Due to this this inmate had difficulty in acquiring the waiver. He sought to be informed of the time frame in which the recorded calls would be preserved before being destroyed or erased to the list. However, because he did not receive any reply to his inquiry, he filed a informal resolution (BP-8) and was thereafter informed that the recorded calls would be preserved for two years after the initial recording of the initial call. Given that the initial call was made on __/__/04, this inmate respectfully requests that this two year policy be extended. This inmate further request that it be confirmed in writing that the following recorded telephone conversations have been and remain preserved (i.e., __/__/04 __/__/04

**5/13/06** ( ) ... calls on the former ITS II System), and **8/08/06** ( )...  **8/05/06** ( ) ... __/__/06 __/__/06 ... calls on the new ITS System ...). From __/__/04 to __/__/04 ... so that this would not bred judicial intervention in this very important matter concerning the preservation **and securing** of the calls

___ vary 23, 200_

| DATE | SIGNATURE OF REQUESTER |
|---|---|

**Part B– RESPONSE**

| DATE | WARDEN OR REGIONAL DIRECTOR |
|---|---|

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**THIRD COPY: RETURN TO INMATE**

CASE NUMBER: _____

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|

SUBJECT: _____

MILTON, Gregory A.
Reg. No.: 04717-084
Appeal No.: 482978-F1
Page 1

---

## Part B - Response

This is in response to your Request for Administrative Remedy in which you state you filed a Freedom of Information Act request for "specific recorded telephone conversations". You further state that you were informed by the Northeast Regional office staff that the tapes could not be released to you without a signed Privacy Act waiver from the other parties involved in the calls. Finally, you state that you have been having difficulty obtaining the signed waiver and that the two year time frame for maintaining a copy of the calls is almost gone. As relief, you request that the two-year retention policy be extended in order to preserve a copy of the tape.

A review of the record reveals that you submitted three separate FOIA requests on March 20, 2006, September 9, 2006, and October 4, 2006, wherein you requested a copy of any and all ITS recordings made to telephone number (914) 843-7722 from February 26, 2006, to September 29, 2006. In response to your requests, USP Allenwood provided a copy of four telephone calls to the Northeast Regional Office. There does not appear to be a copy of any call from February 25, 2006, nor does USP Allenwood have a copy of such call.

After reviewing the telephone recordings, it was determined that executed Privacy Act waivers were needed in order to release these recordings under FOIA. Therefore, on September 22, 2006, November 13, 2006, and March 29, 2007, the Northeast Regional Office forwarded responses to you advising you that they could not process your FOIA request unless the individuals you conversed with provide an executed Privacy Act waivers. To date no such waivers have been received. Please be advised that the Northeast Regional Office will only maintain copies of the four telephone calls for the time period specified under the Freedom of Information Act.

Accordingly, your Request for Administrative Remedy is denied. If you are not satisfied with this response, you may appeal to the Regional Director within 20 calendar days of this response.

Date 3/3/08

R. Martinez
Warden



Federal Bureau of Prisons

Northeast Regional Office

U.S. Custom House - 7th Floor
2nd & Chestnut Streets
*Philadelphia, PA. 19106*

**ATTACHMENT 1**

September 22, 2006

Gregory A. Milton, Reg. No. 04717-084
United States Penitentiary - Allenwood
P.O. Box 3000
White Deer, Pennsylvania  17887-3000

RE:  Freedom of Information Request No. 2006-04529

Dear Mr. Milton:

This is in response to your requests for information
that were received by this office on March 20, 2006, and
September 9, 2006. You request a copy of a taped telephone
conversation that occurred on February 25, 2006, at
approximately 10:40 a.m.

In response to your requests, one telephone call has been
preserved.  Prior to processing your request, you must have
the individual who conversed during this telephone conversation
forward an executed Privacy Act waiver to this office.  Upon
receipt of the Privacy Act waiver, your request will be
processed further.

I trust that we have been responsive to your request.

Sincerely,

Henry J. Sadowski
Regional Counsel

Exhibit C

- While certain investigative information might be disclosed **after** an administrative investigation is completed, particular care must be exercised regarding disclosure during the course of the investigation. Even after the investigation is completed, personal safety and prison security concerns may outweigh the right to a FOIA disclosure.

- Only the institution staff member the Warden designates as the institution's Public Information Officer is authorized to make public statements regarding any investigation. For further guidance, see the Program Statement on Contacts with the News Media and the Public Information Officer's Handbook.

Questions regarding criminal prosecutions, such as the status of a case, shall be referred to the appropriate U.S. Attorney.

(5) Documents or information which, through disclosure of law enforcement techniques, information, or procedures, could reasonably be expected to enable the requester to violate a law, or to threaten the security of a Bureau institution or the safety of any person.

- For the applicable FOIA exemptions, see Exemptions 2 and 7 in Attachment A.

- Some Program Statements and Operations Memoranda, and other documents such as post orders, construction diagrams, etc., may be exempted because disclosing them would pose a threat to institutional security. This may also apply to information contained in investigations and other Bureau reports where law enforcement techniques are described.

8. **[PRODUCTION OF RECORDS IN COURT § 513.33. Bureau records are often sought by subpoena, court order, or other court demand, in connection with court proceedings. The Attorney General has directed that these records may not be produced in court without the approval of the Attorney General or his or her designee. The guidelines are set forth in 28 CFR part 16, subpart B.]**

Bureau staff who receive such demands shall consult with their Regional Counsel or the Office of General Counsel for advice regarding proper handling of the demand.

9. **[PROTECTION OF INDIVIDUAL PRIVACY - DISCLOSURE OF RECORDS TO THIRD PARTIES § 513.34.]** Bureau employees must carefully maintain and process all information concerning individuals to ensure that information is accurate, relevant, and timely, and to ensure that no inadvertent disclosure of information is made.

**[a. Information that concerns an individual and is contained in a system of records maintained by the Bureau shall not be disclosed to any person, or to another agency, except under the provisions of the Privacy Act, 5 U.S.C. 552a, or the Freedom of Information Act, 5 U.S.C. 552, and Departmental regulations.]**

Staff may disclose information from a Bureau system of records only if one or more of the following criteria apply:

(1)  With the written consent of the individual to whom the record pertains.  The Release of Information Consent form (BP-S192.013) may be used;

(2)  To employees of the DOJ who have a need for the record in the performance of their duties;

(3)  If disclosure is permitted under the FOIA, 5 U.S.C. § 552, e.g. "public information", when the public interest in disclosure of the information outweighs the privacy interest involved;

- For guidance on what constitutes "public information," see Attachment B.

(4)  For a **routine use** described in the DOJ "Notice of Record System" for the system of records which contains the information, as published in the Federal Register.

- For a list of the Bureau's systems of records that have been published in the Federal Register, see the **Bureau Systems of Records (Attachment C),** as updated in BOPDOCS.

- The published notices for these systems describe the records contained in each system and the routine uses for disclosing these records without obtaining the consent of the person to whom the records pertain.  For copies of the published systems notices, see BOPDOCS and/or contact the FOIA/PA section of the Office of General Counsel.

A **list of routine uses** for records contained in the Inmate Central File is also contained in the Program Statement concerning Central File, Privacy Folder, and Parole Mini-Files.

Routine uses for Bureau systems of records may include the following:

(a)  To Federal, state, local and foreign law enforcement officials for law enforcement purposes such as investigations, possible criminal prosecutions, civil court actions, or administrative and regulatory proceedings.

**Law Enforcement requests for telephone monitoring information:**

- For telephone monitoring information concerning inmate telephone calls, ordinarily only transactional data (e.g. date, time, duration of the call) shall be disclosed without proper process, even to other DOJ law enforcement agencies.

- Copies of the recorded telephone conversations, or written transcripts, shall only be disclosed to a requesting law enforcement agency when:

  (1)  requested in an emergency situation;

  (2)  criminal activity is discovered as part of the routine monitoring for prison administration purposes; or

  (3)  requested through proper process (e.g. grand jury subpoena, administrative subpoena).

- All requests by law enforcement agencies for access to recordings of inmate telephone conversations shall be referred to Regional Counsel.

(b)  To the Bureau of the Census for purposes of planning or carrying out a census or survey or related activity pursuant to the provisions of Title 13, United States Code;

(c)  To a recipient who has provided the Bureau with advance adequate written assurance that the record will be used solely as a statistical research or reporting record, and the record is to be transferred in a form that is not individually identifiable;

(d)  To the National Archives and Records Administration (NARA) as a record which has sufficient historical or other value to warrant its continued preservation by the U.S. Government, or for evaluation by the Administrator of the General Services Administration or his or her designee to determine whether the record has such value;

(e)  To either House of the U.S. Congress, or, to the extent of a matter within its jurisdiction, any Congressional committee or subcommittee, any joint committee of Congress or subcommittee of any such joint committee;

**Congressional requests on behalf of constituents for information about inmates:**

- Responses to individual members of Congress requesting information on behalf of a constituent are limited to public information unless staff have first obtained the inmate's express or implied consent to provide a fuller response.

- Written consent from the inmate shall be obtained when practical, using the form BP-S192.013. When this is not practical, staff should consider whether there is implied consent by the inmate. An example of implied consent is a Congressional inquiry which resulted from a letter the inmate sent to the member of Congress and this letter is included with the request from the member of Congress.

- Implied consent may not be inferred when a third party (for example, the inmate's spouse or parents) initiated the Congressional request for information. In such a situation, only public information (see Attachment B) may be released to the member of Congress without the inmate's written consent.

Questions regarding appropriate responses to Congressional inquiries shall be directed to the appropriate Regional Counsel or to staff in the FOIA/PA Section of the Office of General Counsel.

(f)  Pursuant to an order of a court of competent jurisdiction;

(g)  To a requester from appropriate state offices (e.g., state department of corrections, parole board, attorney general) seeking access to records concerning state inmates in Bureau custody.

- Although state inmates are confined in Bureau institutions, they remain state prisoners. A state inmate may receive periodic visits from state correctional and parole officials to review and evaluate his or her status, parole eligibility, and release readiness. To accomplish those purposes, state officials require access to the files of state inmates.

- Wardens shall ensure that officials of such state offices, who need to review the records, are provided, upon request, access to the complete record of a state inmate in a Bureau institution.

(5)  **Records Concerning Former Youth Corrections Act (YCA) Inmates.**  Information on former YCA inmates, including the fact that the person has been confined, shall not be released without Regional Counsel review to determine whether the conviction has been expunged and whether disclosure is appropriate.

**[b. Lists of Bureau inmates shall not be disclosed.]**

Any request for such lists shall be forwarded to the Office of General Counsel, Central Office.

c.  A list of Bureau employees may be generally releasable. Questions shall be directed to the appropriate Regional Counsel or to the FOIA/PA Section of the Office of General Counsel.

10.  **[ACCOUNTING/NONACCOUNTING OF DISCLOSURES TO THIRD PARTIES § 513.35.  Accounting/nonaccounting of disclosures to third parties shall be made in accordance with Department of Justice regulations contained in 28 CFR 16.52.]**

Except for disclosures of information to other DOJ employees, and all components thereof, and except for disclosures required under the FOIA (e.g., public information, as listed on Attachment B), an accounting of disclosures to third parties of any information concerning an individual contained in a Bureau system of records will be made in accordance with the following guidelines:

a.  **Oral Disclosure**

(1)  Staff may orally release only public information.  When public information is thus disclosed, no accounting is necessary.

- Only in an emergency shall staff orally release non-public information to parties other than DOJ employees.

- Before such an emergency oral disclosure is made, staff shall contact Regional Counsel or the FOIA/PA Administrator.  If this is not possible, staff shall inform the Regional Counsel, or the FOIA/PA Administrator at the Central Office as soon as practicable after the disclosure.

(2)  Upon oral disclosure of non-public information, a memorandum shall be prepared and retained in the file from which the record is disclosed, or an appropriate notation shall be maintained in the file, attached to the record disclosed.

Exhibit D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                                   |     |                               |
|-----------------------------------|-----|-------------------------------|
| HERMAN McMILLIAN,                 | )   |                               |
|                                   | )   |                               |
| Plaintiff,                        | )   |                               |
|                                   | )   |                               |
| v.                                | )   | Civil Action No. 03-1210 (GK) |
|                                   | )   |                               |
| FEDERAL BUREAU OF PRISONS,        | )   |                               |
|                                   | )   |                               |
| Defendant.                        | )   |                               |
|                                   | )   |                               |

## MEMORANDUM OPINION

Plaintiff filed this action *pro se*, pursuant to the Freedom of Information Act, 5 U.S.C. 552 ("FOIA"), seeking transcripts of telephone calls between himself and his attorney, made from telephones at the institution in which Plaintiff was then housed, and which had been recorded by Defendant.[1]  Defendant has moved to dismiss the complaint insofar as it relates to calls other than one call made on February 8, 2003, contending that Plaintiff has failed to exhaust his administrative remedies with respect to these calls.   Defendant also moves for summary judgment as to the February 8 call.[2]  In opposing the motion, Plaintiff addresses only the February 8 telephone call. On review of the record and the applicable legal principles, Defendant's motion to dismiss will be denied and its motion for summary judgment will be granted.

---

[1] Plaintiff's motion for an expedited hearing to preserve the requested transcripts was denied as moot, Defendant having provided evidence that it had taken steps to preserve all calls that had not been automatically purged by the time Plaintiff requested the transcripts.

[2] Defendant's motion to substitute the Department of Justice as Defendant will be granted without opposition. That agency is the only proper  Defendant in a FOIA case. *See* U.S.C. § 552(a)(4)(B).

I. Background

The basic facts are not contested. In a letter to the FOIA office of the Bureau of Prisons on February 18, 2003, Plaintiff requested "the telephone records of me and my attorney on 2/8/03. The number is (202)966-4555 and my attorney name is John M. Copacino." Plaintiff stated that he wanted the record of the call to include as part of the record in a case he had pending in court. Plaintiff also wrote,

> I would also like to make another F.O.I.A. request and it's as follows:
> I would like to know how long do you maintain record of telephone
> conversations. And can i [sic] get old conversation[s] from the same
> attorney? If for any reason any of the above requested information
> or material is deemed to be privilrged [sic] and exempt under
> F.O.I.A. please specify the statutory [sic] for exemption . . . .

*Declaration of Michael D. Bredenberg,* submitted in support of Defendant's motion, *Attachment* A.[3] In a letter to Plaintiff dated March 4, 2003, Defendant responded that records of telephone conversations "are ordinarily maintained for 180 days." *Id., Attachment* B. Defendant had located "one phone call request" in response to Plaintiff's letter, which was being withheld pursuant to FOIA exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552(b)(6), (7)(C). *Id.* Plaintiff was advised that if he could obtain written consent of the other party to the call, stating that he did not object to release of "his recorded statements," Defendant would "reconsider our release determination." *Id.* Moreover, Plaintiff was told that if he could not obtain the other person's consent, "you may request your portion of the call." *Id.*

On March 6, 2003, apparently before he received the March 4 letter, Plaintiff wrote again to Defendant's FOIA office, to remind them

_____

[3] Bredenberg is a staff attorney at the Butner Legal Center of the Bureau of Prisons, with duties related to Freedom of Information Act requests. *Bredenberg Decl.* ¶¶ 1-3.

2

> of the information I am requesting, to wit: A copy on a monitored
> phone conversation I made to John M. Copacino on a Bureau of
> Prisons inmate phone on 2/8/03, and *any and all prior calls made by
> me to telephone # (202)-662-9575 from 9/11/01 to the present date.*

*Bredenberg Decl., Attachment C* (emphasis added). A letter to Plaintiff dated March 20, 2003, in

response to this March 6, 2003, letter, reiterated the substance of the March 4 response to Plaintiff's

initial FOIA request. *Id., Attachment D.*

On March 11, after Plaintiff had received the March 6 letter denying his request, he prepared

an appeal from the denial of his request for "copies of the phone calls [he] had on 2/18/03 [sic]

between myself and my attorney John M. Copacino." This appeal reiterated that Plaintiff had "also

requested all transcripts of all calls made by me to (202)-662-9575." *Id., Attachment E.* On April

4, Plaintiff was advised of the appeal number, *Id., Attachment F,* but on May 7, 2003, when Plaintiff

had received no response to his appeal, he submitted the complaint in this case.

The telephone lines available to inmates at FCC Petersburg, where Plaintiff was housed

include both monitored and unmonitored lines. *Bredenberg Decl.,* ¶¶ 1-3, 5. Calls on special lines,

which are neither monitored nor recorded, are available for prisoners to call their attorneys. *Id.* ¶

5. Because these lines are available, Bredenberg states that "an attorney's reasonable expectation

would be that the call would not be monitored or recorded." *Id.* ¶ 7.   In almost all other

circumstances, inmates must place calls on monitored lines. These conversations are automatically

recorded "for purposes of enhancing institution security and detecting illegal activity." *Id.* ¶ 5. Both

inmates and defense counsel are aware that two different lines exist, and inmates know that "unless

they request access to an unmonitored phone for an attorney call, the call will be monitored." *Id.*

3

¶ 6.[4] When an inmate calls on a monitored line from FCC Petersburg, the recipient is notified that the call is from a federal prison. The recipient is not notified, however, that the call will be monitored and recorded. *Id.* ¶ 7. Recorded calls are retained for 180 days, and then are erased by the recording system. Unless the Bureau needs a transcript of such a call for an investigation, a transcript will not be produced. *Id.* ¶ 8. There is no transcript of Plaintiff's call on February 8, 2003. *Id.*

On July 28, 2003, Plaintiff requested a court order to preserve the telephone calls whose release he seeks in this case. In response, Defendant submitted a declaration from Ken Kepley, special investigative agent at FCC Petersburg. Kepley described the system used at that institution for recording telephone calls by inmates, and confirmed that the system "routinely and automatically purges all calls on the system after 180 days." *Kepley Decl.* ¶ 2.

In early March 2003, Kepley had been asked by the Butner Legal Center to preserve the recording of the February 8, 2003, conversation between Plaintiff and his attorney, and he did so, copying the call onto a compact disk. *Id.* ¶ 3. During April 2003, Kepley had received a second request to preserve telephone calls from Plaintiff, this time "to preserve any of inmate McMillian's phone calls placed to (202) 662-9575, beginning on March 12, 2003, and extending as far back as the calls were retrievable." *Id.* ¶ 4. Kepley thereupon preserved and transferred to a compact disc all calls that were then retrievable, except for a call on November 7, 2002, which had already been purged. *Id.*

In July 2003, Kepley received a third request to preserve calls. Calls on November 7, 8, 20,

---

[4] A copy of the Bureau of Prisons Policy Statement regarding telephone lines is Attachment G to the Bredenberg Declaration.

4

and 22 of 2002, and February 4, 2003, to (202) 662-9575 had previously been preserved (except the November 7 call), as had the February 8, 2003, call to (202) 966-4555. *Id.* ¶ 5. Calls on November 19 and 25, 2002, to (202) 585-7390 were unretrievable because they had already been purged. Kepley then acted to preserve calls on March 7, April 3, 4, 8, 23, 30, and May 6 and 7, 2003 to (202) 783-5065. *Id.*

On August 1, 2003, after Defendant had been directed to respond to Plaintiff's motion to preserve records by August 4, 2003, Butner Legal Center asked Kepley to confirm that the telephone calls, *including calls in November 2002*, had been preserved. *Id.* ¶ 6. At this time, Butner asked that Kepley also preserve Plaintiff's calls to (202) 662-9577, and "that [he] preserve all calls to the above numbers for as far back as the Laser Voice System permits." *Id.* Kepley confirmed that the calls to (202) 662-9575 between November 8, 2002, and February 4, 2003, had been preserved, and that one call on February 8, 2003, to (202) 966-4555 had been preserved. *Id.* ¶ 7. In addition, he preserved all then-existing calls made by Plaintiff to four separate numbers, including the two numbers involved in this action, although except as specifically noted the preserved calls only go back as far as February 2, 2003 (180 days before August 1, 2003). *Id.* , ¶¶ 7, 8.

II. General Principles

Defendant has moved to dismiss the portion of the complaint relating to telephone calls other than those on February 8, 2003, and for summary judgment as to that telephone call. It contends that FOIA exemptions justify its decision to deny the request for the February 8 call, and that Plaintiff never submitted a FOIA request for the additional telephone calls described in his complaint.

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond

5

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

relief". *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In ruling on a motion to dismiss for failure

to state a claim, the factual allegations of the complaint must be presumed true and construed

liberally in favor of the plaintiff. *Shear v. National Rifle Ass'n*, 606 F.2d 1251, 1253 (D.C. Cir.

1979). A plaintiff is granted the benefit of all inferences that can be derived from the facts alleged

on a motion to dismiss. *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir 1994).

Summary judgment should be entered for a moving party when there is "no genuine issue

as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(c). Material facts are those that "might affect the outcome of the suit under the governing

law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering a motion for

summary judgment, the Court must view the facts in the light most favorable to the non-moving

party and draw all "justifiable inferences" in his favor. *Id.* at 255; *see also Washington Post Co. v.

United States Dep't of Health and Human Servs.*, 865 F.2d 320, 325 (D.C. Cir. 1989). In responding

to a motion for summary judgment, Rule 56(e) requires the opponent to "'set forth specific facts

showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248

(quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968); *Celotex Corp. v. Catrett*,

477 U.S. 317, 322 (1986). The non-moving party is "required to provide evidence that would permit

a reasonable jury to find" in its favor. *Laningham v. United States Navy*, 813 F.2d 1236, 1242 (D.C.

Cir. 1987); *accord, Williams v. United States*, 932 F. Supp. 354, 355 (D.D.C. 1996), citing Local

Rule 108(h), now LCvR 7.1(h).

The Freedom of Information Act gives this Court jurisdiction over an action "to enjoin [an]

agency from withholding agency records and to order the production of agency records improperly

6

withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). In a FOIA case, the Court may grant

summary judgment solely on the basis of information provided in a declaration, when the declaration

describes "the documents and the justifications for nondisclosure with reasonably specific detail,

demonstrate[s] that the information withheld logically falls within the claimed exemption, and [is]

not controverted by either contrary evidence in the record nor by evidence of agency bad faith."

*Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir.1981); *accord, Vaughn v. Rosen*, 484

F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). In reviewing the agency's

submissions, the Court should construe the facts and inferences in the light most favorable to the

plaintiff. *Williams v. United States, supra.* The agency must prove that "each document that falls

within the class requested either has been produced, is unidentifiable, or is wholly exempt from the

Act's inspection requirements." *Goland v. Central Intelligence Agency*, 607 F.2d 339, 352 (D.C.

Cir. 1978), *cert. denied*, 445 U.S. 927 (1980).

III.   The Motion to Dismiss

       Neither the March 4 nor the March 20 letter from the Defendant in response to Plaintiff's

FOIA request refers to Plaintiff's request for release of calls in addition to the February 8 call. A

fair reading of the two letters from Plaintiff indicates that Plaintiff did, in fact, seek release of the

telephone calls made on other dates to Attorney Copacino. The February 18 letter specifically stated

that Plaintiff wanted "to make *another* F.O.I.A. request," that is, "how long do you maintain record

of telephone conversations [a]nd can [I]  get old conversation[s] from the same attorney."

*Bredenberg Decl., Attachment A* (emphasis added). Plaintiff's next letter, on March 6, "remind[ed]

[Defendant] of the information I am requesting, to wit" a copy of the February 8 conversation "*and

any and all prior calls made by me* to telephone # (202)-662-9575 from 9/11/01 to the present date."

7

*Id., Attachment C* (emphasis added). For some unexplained reason, Defendant responded only to the request for the February 8 call and ignored the portion of Plaintiff's letters in which he specifically stated he requested other calls under the FOIA. Plaintiff's appeal from the denial of his requests specifically referred to his request for both the February call (mistakenly cited as February 18), and "all transcripts of all calls made by me to (202)-662-9575." *Id., Attachment E.* Defendant simply is wrong when it argues that Plaintiff did not exhaust his administrative remedies with respect to these other telephone calls.

Moreover Defendant's own actions suggest that it recognized the likelihood that Plaintiff had made a FOIA request for other telephone calls. Even before the complaint in this case was filed, the Butner Legal Center made several requests to FCI Petersburg for preservation of Plaintiff's telephone calls in addition to the February 8 call. *See Declaration of Ken Kepley,* summarized *supra* at 4-5. Clearly, the Butner Legal Center interpreted Plaintiff's letters as constituting a FOIA request for more than the February 8, 2003 telephone call. Finally, although Defendant now contends that only the February 8 call is involved in this action, its formal Response to the July 31, 2003, Court Order and Plaintiff's motion to preserve records specifically described the "recordings of the telephone calls sought in the complaint" as "the 4555 call and the 9575 calls". *Defendant's Response* at 3 [Dkt. # 15]. The motion to dismiss insofar as the complaint seeks release of calls other than the February 8 call will, therefore, be denied.

IV. The Motion for Summary Judgment

Defendant relies on FOIA Exemptions 6 and (7)(C) to justify withholding the February 8 telephone call. Both exemptions seek to protect the privacy interests of persons mentioned in government files, and require a balancing of the privacy interests of the third parties against the

8

public interest in release of the material. *See, e.g., United States Dep't of Justice v. Reporters Committee for Freedom of the Press,* 489 U.S. 749, 773-775 (1989) (Exemption 7(C)); *SafeCard Services Inc. v. Securities and Exchange Comm'n,* 926 F.2d 1197, 1205-06 (D.C. Cir. 1991) (same); *National Ass'n of Retired Fed. Employees v. Horner,* 879 F.2d 873, 879 (D.C. Cir. 1989) (Exemption 6); *Ripskis v. HUD,* 746 F.2d 1, 3, (D.C. Cir. 1984) (same); *International Bhd of Elec. Workers Local No. 5 v. HUD,* 852 F.2d 87, 89 (3d Cir. 1988) (same). The Court concludes that in this case the privacy interests of persons other than Plaintiff outweigh the public interest in release of the taped telephone conversation.

Exemption 6 permits the government to withhold information about individuals that is contained in "personnel and medical files and similar files" when disclosure *"would constitute a clearly unwarranted invasion* of personal privacy," 5 U.S.C. § 552(b)(6) (emphasis added). This suggests that a strict standard must be met to justify withholding information based on Exemption 6. *See Reporters Committee,* 489 U.S. at 756; *Beck v. Department of Justice,* 997 F.2d 1489, 1491 (D.C. Cir. 1993). The tapes of telephone conversations such as those Plaintiff seeks in this case are considered "similar files" subject to withholding under Exemption 6. *See New York Times Co. v. National Aeronautics & Space Admin.,* 920 F.2d 1002, 1007 (D.C. Cir. 1990) (en banc), *after remand,* 782 F. Supp. 628 (D.D.C. 1991) (voices of Challenger astronauts); *Diaz v. Federal Bureau of Prisons,* 2003 WL 164290 (1ˢᵗ Cir. Jan. 24, 2003) (same).[5]

Exemption 7(C) provides a somewhat lower floor for withholding records than does Exemption 6. *See Reporters Committee,* 489 U.S. at 756; *Beck,* 997 F.2d at 1490, 1491. This

_____

[5] With its motion, Defendant provided the text of the decisions of the Court of Appeals and the United States District Court, and the Magistrate Judge's Report and Recommendation which were affirmed in *Diaz.*

9

exemption permits an agency to withhold a record compiled for law enforcement purposes "only to the extent that the production of [the record] could reasonably be expected to constitute an *unwarranted invasion* of personal privacy." 5 U.S.C. § 552(b)(7)(C) (emphasis added). In order to overcome the privacy interest of an individual discussed in law enforcement files, there must be "'compelling evidence that the agency denying the FOIA request is engaged in illegal activity,'" and that the information sought "'is necessary in order to confirm or refute that evidence.'" *Davis v. United States Dep't of Justice*, 968 F.2d 1276, 1282 (D.C. Cir. 1992) (quoting *SafeCard Services*, 926 F.2d at 1205-06); *accord, Lopez v. Department of Justice*, 2004 WL 626726 (D.C. Cir. March 29, 2004). Plaintiff does not contest the status of the BOP as a law enforcement agency, or that the calls are monitored to support that function.[6]

In considering whether privacy interests of third parties would be invaded by release of the February 8 call, Defendant first surmised that Plaintiff's attorney "had a reasonable expectation that the conversation was not being recorded, and that no such recording would be released." *Bredenberg Decl.* ¶ 26. Bredenberg asserts that "[b]ecause calls to attorneys are ordinarily made on unmonitored lines, it is unlikely that an attorney would expect a call to be monitored and recorded." *Id.* Bredenberg "reviewed" the February 8 call and states that there was no notification, by Plaintiff or otherwise, that the call was being recorded or monitored. *Id.* ¶ 29.

Bredenberg describes Plaintiff's portion of the call as an attempt "to induce his defense

---

[6] Defendant describes the purpose of the monitoring of telephone calls as "to guard against illegal activities or suspected illegal activities being conducted, coordinated or directed from within a Federal correctional institution." *Bredenberg Decl.* ¶ 24. Bredenberg states that telephone monitoring has enabled the Bureau of Prisons "to thwart an escape attempt and the introduction of drugs into a Federal prison." *Id. See also* 28 C.F.R. § 540.102 (BOP regulation describing the purpose of the monitoring as "to preserve the security and orderly management of the institution and to protect the public.")

attorney into either making a statement, or failing to disagree with a statement by plaintiff, that plaintiff apparently believes will support" pending litigation by Plaintiff against the attorney or an action relating to revocation of his parole. *Id.* ¶ 30. Bredenberg asserts that "[t]hese statements appear to potentially cast a negative light on the attorney himself" and his reputation and might do so if released to the public. *Id.* Thus he concluded that release of the call "would constitute a clearly unwarranted invasion of the attorney's personal privacy." *Id.* ¶ 30. In addition, Bredenberg states, other third parties are mentioned in the telephone call, in a discussion that "casts them in a negative light by implicating them in illicit behavior." *Id.* ¶ 31. Moreover, Bredenberg states that the call does not mention or contain any information about the Bureau of Prisons or its employees. *Id.* ¶ 32. For these reasons  Defendant concluded that Plaintiff's private interest does not constitute a sufficient public interest to warrant disclosure of the February 8 telephone call.

In opposing the motion, Plaintiff observes that the published regulation gave notice that calls on monitored phones would be recorded. He argues that the attorney must have known that the call would be recorded, since he had called the attorney collect more than 100 times on the monitored telephone. *Plaintiff's Response to Defendant's Motion for Summary Judgment* at 1 & Exhibit. Plaintiff states that he called the attorney on February 8 to inquire about the status of an affidavit he had been promised relating to the date of his parole revocation hearing in June 2000, and that their conversation concerned the affidavit and its contents, and the assertions of the Parole Commission and the prosecutor relating to (apparently) the date of the revocation hearing.[7] *Id.* at 2.  Plaintiff

---

[7] This case is one of four cases related to Plaintiff's contention that the District of Columbia Board of Parole revoked his parole on June 2, 2000, although the parole revocation hearing was not held until June 21, 2000. In addition to the instant case, the following cases relate to this claim: *McMillian v. United States Parole Comm'n*, Civil Action 03-1500; *McMillian v. United States Parole Comm'n*, Civil Action 03-1898; and *McMillian v. CSOSA*, Civil Action 03-2449.

11

claims that the public interest in revealing fraud and abuse of power by the Parole Commission and an Assistant United States Attorney outweighs any privacy interest of the other party to his telephone call. *Id.* at 3-4. He also contends that his attorney consented to the recording of the telephone call. *Id.* at 4.

The parties therefore disagree as to whether Plaintiff's attorney expected the telephone conversation with Plaintiff to be private or whether he knew it would be monitored and recorded. Both parties rely on their speculation as to the attorney's expectation, although Bredenberg does say that the tape of the February 8 call contains nothing to indicate that the call was being recorded. *Bredenberg Decl.* ¶ 29. The parties also disagree as to the contents of the telephone call, Defendant arguing that "the recording [of the February 8 call] contains statements by plaintiff that appear intended to cast plaintiff's attorney in a negative light," *Memorandum* at 21, and Plaintiff contending that the attorney made statements that would reveal improper conduct by government agencies. However, the outcome of this case does not depend on the substance of the telephone conversation or whether the attorney knew that the call was placed on a monitored telephone.[8]

Release of a recording of a telephone conversation can be an invasion of personal privacy. *See New York Times Co. v. National Aeronautics & Space Admin., supra; Stover v. United States Dep't of Justice,* Civil Action No. 03-1410 (RCL)(January 12, 2004), *appeal pending* (transcripts of prison telephone calls); *Monaco v. Department of Justice,* Civil Action No. 02-1843 (D.D.C. 2003)(same);[9] *Diaz v. Federal Bureau of Prisons, supra* (same). The question then becomes

_____

[8] Although Plaintiff was advised that Defendant would reconsider its decision to decline production if he submitted a release from the attorney, no such release was proffered.

[9] Defendant provided a copy of the opinion in *Monaco,* which has not been published, in a supplemental filing (Dkt. # 23).

whether the Defendant properly concluded that the privacy interests of the attorney and other third parties outweighed the public interest in disclosure. *Beck v. Dep't of Justice*, 997 F.2d 1489, 1491 (D.C. Cir. 1993)(Exemptions 6 and 7(C)). Plaintiff contends that there is a public interest in knowing about what he terms fraud in submissions by the United States Parole Commission to a United States District Court. At the time this case was filed, Plaintiff had a petition for habeas corpus pending in the United States District Court for the Middle District of Pennsylvania, *McMillan [sic] v. Mendez*, Civil Action No. 3:CV-02-1061, in which he challenged the action of the District of Columbia Board of Parole in revoking his parole in June 2000, and a subsequent reparole decision by the United States Parole Commission. One of his contentions was that the Board of Parole had revoked his parole on June 6, 2000, although it did not conduct a hearing on the question whether the parole should be revoked until June 21, 2000. The Parole Commission submitted documents in that case indicating that the hearing had in fact been held on June 2, 2000.[10]

Plaintiff of course would be the primary beneficiary of the release if the conversations with his attorney support his position, but a requester's personal interest in release is entitled to no more weight than that of the public generally. *See Reporters Committee,* 489 U.S. at 771; *Neely,* 208 F.3d at 464; *Hale v. United States Dep't of Justice*, 973 F.2d 894, 901 (10th Cir. 1992), *vacated on other grounds,* 509 U.S. 918 (1993). The public interest to be weighed against privacy interests is the interest of the public in learning about the operation of the *agency that is in possession of the record sought.* A public interest would outweigh the privacy interests of individuals mentioned in law enforcement files only where there is "'compelling evidence *that the agency denying the*

---

[10] A copy of the decision denying that petition in September 2003 appears in the record of *McMillian v. United States Parole Commission,* Civil Action No. 03-1500 [Dkt. # 26]. Defendant has not argued that this decision is relevant to the issues before the Court in the instant case.

*FOIA request* is engaged in illegal activity.'" *Davis v. Department of Justice*, 968 F.2d 1276, 1282

(D.C. Cir. 1992) (quoting *SafeCard Servs.*, 926 F.2d at 1205-06) (emphasis added). In this case,

Plaintiff does not argue that the taped conversation would reveal anything about the operations of

the Bureau of Prisons, which is the agency in possession of the tape. Moreover, in order to

overcome the privacy interest of the third parties, "the requester must produce evidence that would

warrant a belief by a reasonable person that the alleged Government impropriety might have

occurred." *National Archives & Records Admin. v. Favish*, 124 F. Ct. 1570, 1581 (2004).

Plaintiff's assertion that the telephone conversation would provide evidence relating to misconduct

of the Parole Commission is not sufficient to overcome the privacy interests of the third parties,

particularly in view of the decision in *McMillan v. Mendez, supra,* which rejected his claim that the

District of Columbia Board of Parole had held its hearing on June 21.[11] In sum, Plaintiff has not

demonstrated that the public interest in the contents of his telephone conversation with his attorney

outweighs the privacy interests of the attorney and third parties mentioned in the call.

Finally, the question arises whether Plaintiff's portions of the telephone conversation can be

reasonably segregated from the attorney's portions and thus released. 5 U.S.C. § 552(b);    *see*

*Trans-Pac. Policing Agreement v. United States Customs Serv.*, 177 F.3d 1022, 1028 (D.C. Cir.

1999). Defendant contends that in this case release of Plaintiff's portions would invade the privacy

of third parties because Plaintiff made comments about those persons and statements "detrimental

---

[11] Insofar as Plaintiff may argue that the tape would show misconduct of the now defunct District of Columbia Board of Parole, the FOIA is designed to support the public interest in how agencies of the federal government conduct business. There is "no FOIA-recognized public interest in discovering wrongdoing by a state agency." *Landano v. United States Dep't of Justice*, 956 F.2d 422, 430 (3d Cir. 1991); *accord, Thomas v. Office of the United States Attorney*, 928 F. Supp. 245, 251 (E.D.N.Y. 1996).

to the reputation of either his defense attorney or other third parties." *Bredenberg Decl.* ¶ 35. Were a new tape to be made containing only Plaintiff's side of the conversations, "all comments [would be] out of context, and thus . . . at least potentially, if not invariably, misleading." *Id.* Bredenberg concluded, therefore, that there were no portions that could be segregated for release, since all parts of the conversations were "'inextricably intertwined with exempt portions.'" *Bredenberg Decl.* ¶ 33. Plaintiff has provided no reason to reject this conclusion.

For the foregoing reasons, Defendant's motion for summary judgment as to the tape of the February 8 telephone call will be granted.. Defendant will be directed to file a further response to the complaint.

An appropriate order accompanies this Memorandum Opinion.


                                            /s/
                                            _____
                                            GLADYS KESSLER
                                            United States District Judge

_____
DATE:   July 23, 2004