**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
——————————————————————          )
                                )
GREGORY A. MILTON,              )
                                )
      Plaintiff,                )
                                )
      v.                        )      Civil Action No. 08-0242 (RWR)
                                )
U.S. DEPARTMENT OF JUSTICE,     )
                                )
      Defendant.                )
——————————————————————          )
```

**ORDER**

Defendant has filed a motion to dismiss the complaint or, in the alternative, for summary judgment.  Because defendant's motion could potentially dispose of this case, the Court will advise the *pro se* plaintiff of a plaintiff's obligations under the Federal Rules of Civil Procedure and the rules of this Court. See Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988); Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992).

The plaintiff's attention is directed to Rule 12(d) of the Federal Rules of Civil Procedure, which states in pertinent part:

> If, on a motion under Rule 12(b)(6)
> [asserting the defense of failure of the
> pleading to state a claim upon which relief
> can be granted] or 12(c) [seeking judgment on
> the pleadings], matters outside the pleadings
> are presented to and not excluded by the
> court, the motion must be treated as one for
> summary judgment under Rule 56.  All parties
> must be given a reasonable opportunity to
> present all the material that is pertinent to
> the motion.

Fed. R. Civ. P. 12(d).

-2-

The plaintiff's attention is also directed to Rule 56 of the Federal Rules of Civil Procedure, which states in pertinent part:

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).

> (1) *In General.* A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.
>
> (2) *Opposing Party's Obligation to Respond.* When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e).

Motions for summary judgment are also governed by Local Civil Rule 7(h), which provides as follows:

> Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include

-3-

> references to the parts of the record relied
> on to support the statement.  An opposition
> to such a motion shall be accompanied by a
> separate concise statement of genuine issues
> setting forth all material facts as to which
> it is contended there exists a genuine issue
> necessary to be litigated, which shall
> include references to the parts of the record
> relied on to support the statement . . . .
> In determining a motion for summary judgment,
> the court may assume that facts identified by
> the moving party in its statement of material
> facts are admitted, unless such a fact is
> controverted in the statement of genuine
> issues filed in opposition to the motion.

Local Civil Rule 7(h).

In other words, the Court will accept as true any factual assertions contained in affidavits or attachments submitted by the defendant in support of a motion for summary judgment unless the plaintiff submits affidavits or documentary evidence showing that the defendant's assertions are untrue.  See Neal, 963 F.2d at 456.  Further, the plaintiff's attention is directed to Local Civil Rule 7(b), which states:

> Within ... such ... time as the court may
> direct, an opposing party shall serve and
> file a memorandum of points and authorities
> in opposition to the motion.  If such a
> memorandum is not filed within the prescribed
> time, the court may treat the motion as
> conceded.

Local Civil Rule 7(b).

Additionally, the plaintiff is directed to Rule 6(d) of the Federal Rules of Civil Procedure which provides:

> When a party may or must act within a
> specified time after service and service is

-4-

> made [by mail or by other means consented to
> in writing by the person served], 3 days are
> added after the period would otherwise expire
> . . . .

Fed. R. Civ. P. 6(d).

The Court may treat as conceded any motion not opposed within the time limits outlined above.  Alternatively, the Court may consider on the merits any motion not opposed within the time limits outlined above.  Thus, failure to respond to the defendant's motion in this case carries with it the risk that the case will be dismissed.  Accordingly, it is hereby

ORDERED that plaintiff shall file a response to defendant's motion no later than June 16, 2008.  If plaintiff does not respond by that date, the Court may treat the motion as conceded and dismiss the case.

SIGNED this 7th day of May, 2008.


                              _____/s/_____
                              RICHARD W. ROBERTS
                              United States District Judge