IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

RECEIVED
JUN 1 6 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

GREGORY A. MILTON,

    Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE,

    Defendant.

Civil Case No. 08-Cv-0242

United States District Judge
Honorable Richard W, Roberts

MOTION REQUESTING EXTENSION OF TIME
TO RESPONSE TO DEFENDANT'S MOTION TO
DISMISS, OR IN THE ATLERNATIVE, FOR
SUMMARY JUDGMENT

    Comes Now, Gregory A. Milton, the undersigned Pro se Plaintiff, and respectfully request an extension of time in which to respond to the defendant's motion to dismiss, or in the alternative, for summary judgment. In support of this motion, plaintiff states as follows based in law and fact.

    1. Plaintiff filed a complaint for declaratory and injunctive relief pursuant to Title 5 U.S.C. §552, based on his request under the Freedom of Information Act for certain recorded telephone conversations in the Federal Bureau of Prisons ("BOP").

    2. Prior to exhausting his administrative remedies through the BOP administrative remedy process, plaintiff was compelled to file his complaint because he was notified in an informal resolution response (BP-8) that the recorded telephone tapes would be "kept for two years after the initial recording of the initial call." (See Attachment 1).

    3. Although, plaintiff continued the administrative remedy process he filed the instant complaint with a request for injunctive relief

- 1 -

given the important nature of the recorded telephone conversations content.

4. Consequently, following the defendant's filing of its motion to dismiss, or in the alternative summary judgment, this Court issued an Order directing plaintiff to "file a response to the defendant's motion no later than June 16, 2008." (See Court's May 7, 2008 Order).

5. Thus, plaintiff now respectfully seeks an extension of time of thirty (30) days to file his response as directed to do so by this Court.

6. Plaintiff makes this request because defendant's have argued that he "has not yet exhausted his administrative remedies." (See Declaration of Supervisory Paralegal Specialist, p. 6).

7. Therefore, given that the burden now shifts to plaintiff to plead facts showing a genuine issue for trial, plaintiff seeks an extension since his final stage of the administrative remedy process is due to be answered June 23, 2008. (See Attachment 2).

8. Moreover, in this pro se plaintiff's liberally construed and studied pro se judgment, he believes that he has a novel issue that will demonstrate a need for a trial int his matter.

Wherefore, this pro se plaintiff prays that this Honorable Court grants his request for an extension of time of 30 days, or until July 14, 2008. And, grant any and all other relief this Court deems just and proper in the interest of fairness and justice.

Respectfully submitted,

_Gregory A. Milton_
Mr. Gregory A. Milton, Pro se

I hereby certify that a true and copy of this motion has been given to prison officials for mailing, first class postage prepaid, and sent to: Office of the U.S. Attorney for the District of Columbia, 555 Fourth Street, N.W., Washington, D.C. 20530. On this 12 day of June, 2008.

ATTACHMENT 1

## United States Penitentiary
## Allenwood, Pennsylvania

ADMINISTRATIVE REMEDY PROCEDURE FOR INMATES
INFORMAL RESOLUTION FORM

NOTE TO INMATE: You are advised that prior to receiving and filing a Request for Administrative Remedy Form BP-9 [BP-229(13)], you must ordinarily attempt to informally resolve your complaint through your Correctional Counselor. Briefly state ONE complaint below and list what efforts you have made to resolve your complaint informally and state the names of staff contacted.

Issued By: _____ (Initials of Correctional Counselor)
Date Issued To The Inmate: 12/10/07

INMATE'S COMMENTS:

1. Complaint: The Regional Counsel's denial of the release of recorded telephone conversations to an approved telephone number on my ITS II and Trufone list under the FOIA/Privacy Act, and refusal to address my inquiries concerning how long the NERO will preserves the tapes.
   (See Attached Page)

2. Efforts you have made to informally resolve: Send certified mail return receipt requested to NERO Counsel

3. Names of staff you contacted: Mr. Henry J. Sadowski

Date Returned to Correctional Counselor: 12/17/2007

_____    04717-084         12/17/07
Inmate's Signature         Reg. Number       Date

CORRECTIONAL COUNSELOR'S COMMENTS:

1. Efforts made to informally resolve and staff contacted: The Region never denied your request for the release of a recorded call. They said once they receive authorization from the person the call was to you could have a copy. You were advised of this on 3/24/07. As of 1-11-08, the Region has not received any authorization. The phone records are kept for two years after the initial recording of the initial call.

Date BP-9 Issued: 1-16-08

                                        G. GALLICK
                                        CORRECTIONAL COUNSELOR
                                        Correctional Counselor
                                        _____ 1/25/08
                                        Unit Manager (Date)

Distribution: If complaint is NOT informally resolved - Forward original attached to BP-9 Form to the Executive Assistant.

**ATTACHMENT 2**

RECEIPT - ADMINISTRATIVE REMEDY

DATE: MAY 21, 2008

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : GREGORY A MILTON, 04717-084
      ALLENWOOD USP    UNT: III    QTR: C02-220L

THIS ACKNOWLEDGES THE RECEIPT OF THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW:

```
REMEDY ID       : 482978-A1
DATE RECEIVED   : MAY 14, 2008
RESPONSE DUE    : JUNE 23, 2008
SUBJECT 1       : OTHER LEGAL
SUBJECT 2       :
INCIDENT RPT NO:
```