**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **GREGORY A. MILTON,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**U.S. DEPARTMENT OF JUSTICE,**<br><br>**Defendant.** | **Civil Action No. 08-0242 (RWR)** |

**MEMORANDUM OPINION**

Plaintiff, a prisoner serving a criminal sentence, filed this *pro se* complaint under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The defendant filed a motion to dismiss the complaint or for summary judgment. The plaintiff has not filed a response to the defendant's dispositive motion, despite receiving several extensions of time. Accordingly, summary judgment will be granted for the defendant.

Background

Plaintiff seeks the recordings of telephone conversations he made from prison to others. Invoking FOIA Exemptions 6 and 7C, codified at § 552(b)(6) and (b)(7)(C), the defendant asserts that the records are exempt from disclosure because of the privacy considerations due to the third party to the conversation. The defendant supports its dispositive motion with a sworn statement attesting that the defendant had previously responded to the plaintiff that the requested recorded telephone conversations had been preserved, but because of privacy considerations, they would not be released without a signed waiver from the other party to the conversation. The plaintiff did not tender the required waivers.

The defendant filed its dispositive motion on May 5, 2008. The plaintiff was advised by Order issued May 7, 2008, that if he did not respond to the motion by June 16, 2008, the motion could be treated as conceded and disposed of on the merits, and his complaint could be dismissed. The plaintiff sought two extensions of time, both of which were granted. However, the twice-extended deadline passed without a response from the plaintiff. An Order to Show Cause was issued, setting October 22, 2008 as the response deadline. At the plaintiff's request for another extension of time, and the response deadline was extended through December 23, 2008. The plaintiff has not filed a response to the defendant's dispositive motion or requested a further extension of time.

<u>Discussion</u>

Summary judgment may be granted only where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Burke v. Gould,* 286 F.3d 513, 517 (D.C. Cir. 2002). A material fact is one that is capable of affecting the outcome of the litigation. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986). A genuine issue is one where the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," *id.,* as opposed to evidence that "is so one-sided that one party must prevail as a matter of law." *Id.* at 252. A court considering a motion for summary judgment must draw all "justifiable inferences" from the evidence in favor of the nonmovant. *Id.* at 255. In determining a motion for summary judgment, "the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless

such a fact is controverted in a statement of genuine issues filed in opposition to the motion." Local Civil Rule 7(h).

In a FOIA suit, an agency is entitled to summary judgment once it bears its burden of demonstrating that no material facts are in dispute and that all information that falls within the class requested either has been produced, is unidentifiable, or is exempt from disclosure. *Students Against Genocide v. Dep't of State,* 257 F.3d 828, 833 (D.C. Cir. 2001); *Weisberg v. Dep't of Justice,* 627 F.2d 365, 368 (D.C. Cir. 1980). A court may award summary judgment to a FOIA defendant solely on the basis of information provided by the department or agency in sworn statements with reasonably specific detail that justify the nondisclosures, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith. *Military Audit Project v. Casey,* 656 F.2d 724, 738 (D.C. Cir.1981). To successfully challenge such a showing by the defendant agency, the plaintiff party must do more than merely establish some "metaphysical doubt;" rather, the plaintiff must come forward with "specific facts" demonstrating a genuine issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986). Here, because the plaintiff has not rebutted or disputed any of the defendant's factual assertions, the defendant's factual assertions will be treated as admitted. Accordingly, there are no facts in dispute in this case.

The defendant asserts that FOIA Exemptions 6 and 7C justify not disclosing the records the plaintiff seeks. Exemption 6 provides for the exemption of "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." § 552(b)(6). The requested records consist of information that pertain to particular

individuals, and are therefore subject to FOIA Exemption 6. *See* Def.'s Points & Authorities in Support of its Mot. to Dismiss at 7 - 8 (citing *U.S. Dep't of State v. Washington Post Co.,* 456 U.S. 595 (1982) (concluding that Exemption 6 protects personal matters in any of a wide range of records)). Exemption 7C exempts "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." § 552(b)(7)(C). The sworn statement submitted by the defendant demonstrates that the records plaintiff seek were compiled for law enforcement purposes, and are therefore are exempt under Exemption 7C. *See* Def.'s Mot. to Dismiss at 9 - 10. The protected privacy interest may be waived by the person whose interest is affected, or it may be overcome by a legitimate public interest in the information. *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 776 (1989) (requiring court to "balance the public interest in disclosure against the [personal privacy] interest Congress intended to protect"); *Beck v. Dep't of Justice,* 997 F.2d 1489, 1491 (D.C. Cir. 1993). But, the plaintiff has not tendered waivers or offered a public interest rationale for overcoming the private interests in privacy.

## CONCLUSION

The defendant has submitted a motion, supported by a sworn statement, demonstrating that the requested records of plaintiff's telephone conversations made from prison to other persons are exempt from disclosure under FOIA Exemptions 6 and 7C, and that the plaintiff has not tendered waivers from the other persons who were party to the recorded conversations. The defendant has disputed none of the defendant's factual assertions. Accordingly, the record

demonstrates that there is no genuine issue of material fact and that the defendant is entitled to judgment as a matter of law.

An appropriate final order accompanies this memorandum opinion.

SIGNED this 6th day of February, 2009.

/s/
RICHARD W. ROBERTS
United States District Judge