UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
GREGORY A. MILTON,             )
                               )
        Plaintiff,             )
                               )
    v.                         )   Civil Action No. 08-242 (RWR)
                               )
UNITED STATES DEPARTMENT OF    )
JUSTICE,                       )
                               )
        Defendant.             )
_____)
```

**MEMORANDUM OPINION AND ORDER**

Plaintiff Gregory A. Milton, a prisoner serving a criminal sentence, filed this *pro se* complaint against the United States Department of Justice under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The Department of Justice has filed a motion to dismiss or, in the alternative, for summary judgment. Because the Department of Justice's affidavit in support of its motion is not sufficient to justify withholding the documents at issue, its motion, treated as one for summary judgment, will be denied without prejudice, and the Department of Justice will be ordered to supplement its affidavit.

BACKGROUND

The background of this case is set out in Milton v. U.S. Dep't of Justice, 596 F. Supp. 2d 63 (D.D.C. 2009). Briefly, Milton seeks the recordings of telephone conversations he had in his calls from prison to others. The Department of Justice filed

a dispositive motion invoking FOIA Exemptions 6 and 7(C), codified at 5 U.S.C. §§ 552(b)(6) and (b)(7)(C), arguing that the records Milton seeks are exempt from disclosure because of privacy considerations of the third parties in the phone conversations.

DISCUSSION

Summary judgment may be granted when the materials in the record show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Moore v. Hartman, 571 F.3d 62, 66 (D.C. Cir. 2009). A court considering a motion for summary judgment must draw all "justifiable inferences" from the evidence in favor of the nonmovant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). In a FOIA suit, an agency is entitled to summary judgment if it demonstrates that no material facts are in dispute and that all information that falls within the class requested either has been produced, is unidentifiable, or is exempt from disclosure. Students Against Genocide v. Dep't of State, 257 F.3d 828, 833 (D.C. Cir. 2001); Weisburg v. U.S. Dep't of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980). A district court must conduct a *de novo* review of the record in a FOIA case, and the agency resisting disclosure bears the burden of persuasion in defending its action. 5 U.S.C. § 552(a)(4)(B); see also Akin,

Gump, Strauss, Hauer & Feld, LLP v. U.S. Dep't of Justice, 503 F. Supp. 2d 373, 378 (D.D.C. 2007).

I.  WITHHOLDING

The FOIA requires agencies to comply with requests to make their records available to the public, unless information is exempted by clear statutory language.  5 U.S.C. § 552(a), (b); Oglesby v. U.S. Dep't of Army, 79 F.3d 1172, 1176 (D.C. Cir. 1996).  Although there is a "strong presumption in favor of disclosure[,]" U.S. Dep't of State v. Ray, 502 U.S. 164, 173 (1991), there are nine exemptions to disclosure set forth in 5 U.S.C. § 552(b).  These exemptions are to be construed as narrowly as possible to maximize access to agency information, which is one of the overall purposes of the FOIA.  Vaughn v. Rosen, 484 F.2d 820, 823 (D.C. Cir. 1973).

Because the party requesting disclosure cannot know the precise contents of the documents withheld, it is at a disadvantage to claim misapplication of an exemption, and a factual dispute may arise regarding whether the documents actually fit within the cited exemptions.  Id. at 823-24.  To provide an effective opportunity for the requesting party to challenge the applicability of an exemption and for the court to assess the exemption's validity, the agency must explain the specific reason for nondisclosure.  Id. at 826-27; see also Oglesby, 79 F.3d at 1176 ("The description and explanation the

agency offers should reveal as much detail as possible as to the nature of the document, without actually disclosing information that deserves protection."). Conclusory statements and generalized claims of exemption are insufficient to justify withholding. Vaughn, 484 F.2d at 826; see also Mead Data Cent., Inc. v. U.S. Dep't of Air Force, 566 F.2d 242, 251 (D.C. Cir. 1977) (noting that "the burden which the FOIA specifically places on the Government to show that the information withheld is exempt from disclosure cannot be satisfied by the sweeping and conclusory citation of an exemption" (footnote omitted)). However, the "materials provided by the agency may take any form so long as they give the reviewing court a reasonable basis to evaluate the claim of privilege." Delaney, Migdail & Young, Chartered v. IRS, 826 F.2d 124, 128 (D.C. Cir. 1987) (referring to an index describing withheld material and the justification for withholding as a "Vaughn Index"). If the agency materials "'contain reasonable specificity of detail rather than mere conclusory statements,'" then a plaintiff must point either to contradictory evidence in the record or provide independent evidence of agency bad faith to demonstrate that the agency improperly invoked an exemption. Williams v. FBI, 69 F.3d 1155, 1159 (D.C. Cir. 1995) (quoting Gallant v. NLRB, 26 F.3d 168, 171 (D.C. Cir. 1994)).

The Department of Justice asserts that FOIA Exemption 6 justifies not disclosing the records the plaintiff seeks. Exemption 6 provides that an agency may withhold "personnel . . . and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy[.]" 5 U.S.C. § 552(b)(6). The threshold inquiry is whether the requested information is contained in a type of file covered by the exemption. Wash. Post Co. v. U.S. Dep't of Health and Human Servs., 690 F.2d 252, 260 (D.C. Cir. 1982). Congress intended the term "similar files" to be construed broadly, U.S. Dep't of State v. Wash. Post Co., 456 U.S. 595, 602 (1982), and the D.C. Circuit has held that "[a]ll information which applies to a particular individual is covered by Exemption 6, regardless of the type of file in which it is contained." Wash. Post Co. v. U.S. Dep't of Health and Human Servs., 690 F.2d at 260 (internal quotation marks omitted). The information in the file "need not be intimate" for the file to satisfy the standard, and the threshold for determining whether information applies to a particular individual is minimal. N.Y. Times Co. v. NASA, 920 F.2d 1002, 1006 (D.C. Cir. 1990); see also Nat'l Ass'n of Retired Fed. Employees v. Horner, 879 F.2d 873, 875 (D.C. Cir. 1989) ("Exemption 6 is designed to protect personal information in public records," such as, but not limited to, information about an individual's birth, marriage, or employment). The requested

records consist of information that pertain to particular individuals (see Def.'s Mem. of P. & A. in Supp. of its Mot. to Dismiss or, in the Alternative, for Summ. J. ("Def.'s Mem.") at 7-8), and are therefore subject to FOIA Exemption 6.  See McMillian v. Fed. Bureau of Prisons, Civil Action No. 03-1210 (GK), 2004 WL 4953170, at *5 (D.D.C. July 23, 2004) (noting that the "tapes of telephone conversations . . . are considered 'similar files' subject to withholding under Exemption 6").

Once the threshold inquiry is satisfied, a court must determine whether disclosure would constitute a clearly unwarranted invasion of privacy.  Wash. Post Co. v. U.S. Dep't of Health and Human Servs., 690 F.2d at 260.  To make this determination, a court balances the public interest in disclosure against the individual privacy interests in the information contained in the files.  Id.  The requestor bears the burden of articulating a significant public interest, Schwaner v. Dep't of Army, 696 F. Supp. 2d 77, 82 (D.D.C. 2010), and of showing that disclosure would advance that interest.  ACLU v. Dep't of Justice, 698 F. Supp. 2d 163, 165 (D.D.C. 2010).  "The only public interest to be considered under the FOIA is the extent to which disclosure 'advances the citizens' right to be informed about what their government up to.'"  Hertzberg v. Veneman, 273 F. Supp. 2d 67, 87 (D.D.C. 2003) (quoting Nat'l Ass'n of Home Builders v. Norton, 309 F.3d 26, 34 (D.C. Cir. 2002)).

Conversely, there is no public interest in disclosure of information about private citizens that reveals "'little or nothing about an agency's own conduct.'" Reed v. NLRB, 927 F.2d 1249, 1251 (D.C. Cir. 1991) (quoting U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press, 489 U.S. 749, 773 (1989)). On the other side of the balance, the "[r]elease of a recording of a telephone conversation can be an invasion of personal privacy." McMillian, 2004 WL 4953170, at *7.

Milton has not articulated any significant public interest in the disclosure of the phone records. Rather, he describes his FOIA request as one for access to evidence that supports his innocence. (See Pl.'s Am. Br. in Opp'n to Def.'s Mot. to Dismiss, or in the Alternative for Summ. J. ("Pl.'s Opp'n") at 5-6). In the absence of any evidence of government impropriety, this reflects a personal rather than a public interest. See Oguaju v. United States, 288 F.3d 448, 451 (D.C. Cir. 2002) (noting in the context of Exemption 7(C) that the plaintiff's "personal stake in using the requested records to attack his convictions does not count in the calculation of the public interest"), vacated and remanded on other grounds, 541 U.S. 970 (2004), reinstated, 378 F.3d 1115 (D.C. Cir. 2004). With respect to the privacy interests that his request implicates, Milton argues that he signed a waiver allowing the Bureau of Prisons to monitor his phone calls and that this waiver impliedly extends to

any party who accepted his calls. (<u>See</u> Pl.'s Opp'n at 3.)
However, a protected privacy interest can be waived only by the
person whose interest is affected, <u>see</u> <u>Milton</u>, 596 F. Supp. 2d at
66; <u>Sherman v. U.S. Dep't of Army</u>, 244 F.3d 357, 364 (5th Cir.
2001), and Milton has not produced Privacy Act waivers from the
individuals with whom he spoke on the telephone. (<u>See</u> Def.'s
Mem., Herbin-Smith Decl. ¶¶ 10, 14; Pl.'s Opp'n at 2 (implying
that he did not submit Privacy Act waivers on behalf of the
individuals with whom he spoke but arguing that "no waiver should
be necessary").) Such written waivers would be evidence of a
knowing and intentional waiver of the substantial interest
protected by Exemption 6 in preventing the public disclosure of
private information. No uncorroborated surmise that the persons
he called necessarily would have heard a recorded warning that
calls were subject to being monitored or recorded should suffice
to replace a written Privacy Act waiver. Milton has presented no
other evidence that the individuals to whom he spoke have waived
their privacy interests in protecting the content of their calls
from public disclosure. <u>See</u> <u>Nat'l Archives and Records Admin. v.
Favish</u>, 541 U.S. 157, 174 (2004) (noting that "once there is
disclosure [under the FOIA], the information belongs to the
general public"). Because that privacy interest is more than de
minimis, the Department of Justice's withholding under Exemption

6 was proper.[1] See Schwaner, 696 F. Supp. 2d at 83 (noting that "'even a modest privacy interest outweighs nothing every time'" (quoting Schoenman v. FBI, 575 F. Supp. 2d 136, 161 (D.D.C. 2008)).

II. SEGREGABILITY

An agency must disclose "[a]ny reasonably segregable portion" of an otherwise exempt record. 5 U.S.C. § 552(b). An agency cannot withhold non-exempt portions of a document unless they "are inextricably intertwined with exempt portions." Mead Data, 566 F.2d at 260. While an agency is presumed to have complied with its obligation to disclose non-exempt portions of the record, a "district court must make specific findings of segregability regarding the documents to be withheld." Sussman v. U.S. Marshals Serv., 494 F.3d 1106, 1116 (D.C. Cir. 2007). To demonstrate that the withholding agency has disclosed all reasonably segregable material, "the withholding agency must supply 'a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply.'" King v. U.S. Dep't of

---

[1] Because the Department of Justice has demonstrated adequately that it withheld properly the requested records under Exemption 6, the agency's invocation of Exemption 7C need not be addressed. See also McMillian, 2004 WL 4953170, at *5 (noting that "Exemption 7(C) provides a somewhat lower floor for withholding records than does Exemption 6").

Justice, 830 F.2d 210, 224 (D.C. Cir. 1987) (quoting Mead Data, 566 F.2d at 251).  Presenting a "comprehensive Vaughn index, describing each document withheld, as well as the exemption under which it was withheld" supplemented by an affidavit stating that an agency official conducted a review of each document and how she determined that no document contains segregable information fulfills the agency's obligation.  See Johnson v. Exec. Office for U.S. Att'ys, 310 F.3d 771, 776 (D.C. Cir. 2002); see also Juarez v. Dep't of Justice, 518 F.3d 54, 61 (D.C. Cir. 2008) (noting that a court "may rely on government affidavits that show with reasonable specificity why documents withheld pursuant to a valid exemption cannot be further segregated").  Where the agency's materials are inadequate to demonstrate that it has disclosed all reasonably segregable portions of the requested records, a court may order the agency to supplement the record for purposes of further review.  See Maydak v. U.S. Dep't of Justice, 254 F. Supp. 2d 23, 40 (D.D.C. 2003).

   The Department of Justice's affidavit states that its "FOIA experts [advised] that the type of format ('.wav.') . . . does not make it possible to segregate[,]" and that "efforts to segregate calls are made very difficult by individuals interrupting each other throughout the call and would place the conversations out of context."  (Def.'s Mem., Herbin-Smith Decl. ¶ 6.)  However, the affidavit provides no basis for concluding

that the Department of Justice cannot segregate non-exempt portions of .wav files. It is unclear whether the Department of Justice is claiming that no technology or program exists for editing or modifying a .wav file, whether the Department of Justice merely lacks that technology, or whether it is impossible to segregate the files for some other reason. Additionally, the generalized assertion that efforts to segregate calls are difficult because individuals may interrupt each other on the phone and because segregated portions of the calls may lack context is a conclusory claim that is insufficient to demonstrate that there are no portions of these calls that are reasonably segregable. Because the affidavit does not state that an appropriate agency official reviewed the telephone conversations at issue here and concluded that they contained no reasonably segregable portions, the Department of Justice has not demonstrated adequately that it has complied with its obligation to disclose all reasonably segregable portions of the otherwise exempt records.

CONCLUSION AND ORDER

Although the Department of Justice has properly invoked Exemption 6, it has not demonstrated that the requested telephone recordings contain no segregable information. Accordingly, it is hereby

ORDERED that the defendant's motion [11] to dismiss, or in the alternative, for summary judgment, be, and hereby is, DENIED without prejudice. It is further

ORDERED that the defendant shall have until June 6, 2011 to move anew for summary judgment.

SIGNED this 6th day of May, 2011.

                                          _____/s/_____
                                        RICHARD W. ROBERTS
                                        United States District Judge