```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                                 )
GREGORY A. MILTON,               )
                                 )
        Plaintiff,               )
                                 )
        v.                       )   Civil Action No. 08-242 (RWR)
                                 )
UNITED STATES DEPARTMENT OF      )
JUSTICE,                         )
                                 )
        Defendant.               )
_____)
```

### MEMORANDUM OPINION

Plaintiff Gregory A. Milton, a sentenced inmate, filed a *pro se* complaint against the United States Department of Justice ("Department") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The Department moved to dismiss or, in the alternative, for summary judgment. A May 6, 2011 memorandum opinion found that the Department had properly invoked the privacy exemption to FOIA disclosure, but had not demonstrated that the requested material contained no segregable information. The Department's motion therefore was denied without prejudice. The Department renewed its motion for summary judgment, further addressing the issue of segregability. Because the Department's supplemental declaration in support of its renewed motion sufficiently articulates the Department's inability to segregate the non-exempt information, its motion will be granted and judgment will be entered for the Department.

BACKGROUND

The background of this case is set out in Milton v. U.S. Dep't of Justice, 596 F. Supp. 2d 63 (D.D.C. 2009), and in Milton v. U.S. Dep't of Justice, 783 F. Supp. 2d 55 (D.D.C. 2011). Briefly, Milton seeks the recordings of conversations in telephone calls he made from prison to others.  The Department filed a dispositive motion invoking FOIA Exemptions 6 and 7(C), codified at 5 U.S.C. §§ 552(b)(6) and (b)(7)(C), arguing that the records Milton seeks are exempt from disclosure because of privacy considerations of the third parties in the phone conversations.  A May 6, 2011 memorandum opinion found that the Department had properly invoked Exemption 6.  However, the Department's motion was denied because the opinion found that the Department had not demonstrated that it could not disclose any "reasonably segregable portion," 5 U.S.C. § 552(b), of the otherwise exempt records.  Specifically, the Department's declaration in support of its motion stated that its FOIA experts had advised that the type of format in which the calls were stored did not make it possible to segregate, but did not clarify why it was not possible and did not state that an appropriate official reviewed the telephone conversations at issue to conclude that they contained no reasonably segregable portions.

The Department renewed its motion for summary judgment, appending a supplemental declaration in which a Bureau of Prisons

- 3 -

("BOP") official represents that she reviewed the telephone calls responsive to Milton's FOIA requests and that the review revealed that the recordings contained no segregable information. (Def.'s Renewed Mot. Summ. J., Supp. Decl. of Vanessa Herbin-Smith ("Herbin-Smith Supp. Decl.") ¶ 6.)  She further states that the format of the recorded conversations is a ".wav" file.  (Id. ¶ 7.)  According to the declarant, "[i]n order to segregate a '.wav' file, a specific program is required to segregate the recorded telephone conversations.  The BOP has no need for this type of program in the ordinary course of its business, and therefore does not have the technology to segregate recorded telephone conversations."  (Id.)  Milton maintains his entitlement to the non-exempt portion of the phone calls, arguing that the technology to segregate .wav files is reasonably available at little or no cost and that the declaration contains alleged inconsistencies and evinces bad faith on the part of the Department.

                              DISCUSSION

     The FOIA requires disclosure of "[a]ny reasonably segregable portion" of an otherwise exempt record.  5 U.S.C. § 552(b).  An agency therefore cannot withhold non-exempt portions of a document unless they are inextricably intertwined with exempt portions.  Mead Data Central, Inc. v. U.S. Dep't of Air Force, 566 F.2d 242, 260 (D.C. Cir. 1977).  A court "may rely on

- 4 -

government affidavits that show with reasonable specificity why documents withheld pursuant to a valid exemption cannot be further segregated." Juarez v. Dep't of Justice, 518 F.3d 54, 61 (D.C. Cir. 2008). An affidavit stating that an agency official conducted a review of each document and how she determined that no document contains segregable information fulfills the agency's obligation. Johnson v. Exec. Office for U.S. Attorneys, 310 F.3d 771, 776-77 (D.C. Cir. 2002). If an agency demonstrates that no material facts are in dispute and that all information that falls within the class requested either has been produced, is unidentifiable, or is exempt from disclosure, the agency is entitled to summary judgment. Milton, 783 F. Supp. 2d at 57 (citing Students Against Genocide v. Dep't of State, 257 F.3d 828, 833 (D.C. Cir. 2001)). In considering a motion for summary judgment, a court must draw all "justifiable inferences" from the evidence in favor of the nonmovant, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and the agency resisting disclosure bears the burden of persuasion in defending its action. 5 U.S.C. § 552(a)(4)(B); see also Akin, Gump, Strauss, Hauer & Feld, LLP v. U.S. Dep't of Justice, 503 F. Supp. 2d 373, 378 (D.D.C. 2007).

Here, the Department has submitted that an agency official conducted a personal review of the recordings and that the BOP does not have any program that would permit segregation of the

- 5 -

recordings. (Herbin-Smith Supp. Decl. ¶¶ 6-7.) Milton counters that multiple free and low-cost programs exist that would enable the BOP to edit the .wav files at issue. (Pl.'s Mem. P. & A. in Opp'n to Def.'s Renewed Mot. Summ. J. ("Pl.'s Opp'n" at 2.) In addition, he argues that BOP's internal procedures "allow[] for the BOP to obtain authorization to use software programs from the appropriate 'Information Security Officer[.]'" (Id.) Milton, however, does not argue or present any evidence that BOP currently has the technological capacity to segregate the recordings.

Courts in this Circuit have held repeatedly that records were not reasonably segregable where the agency attested that it lacked the technical capability to edit the records in order to disclose non-exempt portions. See Mingo v. U.S. Dep't of Justice, 793 F. Supp. 2d 447, 454-55 (D.D.C. 2011) (crediting BOP's assertion that it did not have the technical capability to reasonably segregate and release plaintiff's portion of conversations in recordings); Antonelli v. Fed. Bureau of Prisons, 591 F. Supp. 2d 15, 27 (D.D.C. 2008) (same); Swope v. U.S. Dep't of Justice, 439 F. Supp. 2d 1, 7 (D.D.C. 2006) (same). In each of these decisions, the focus of the segregability analysis was on the agency's current technological capacity. Milton has not presented any authority for the proposition that

- 6 -

the FOIA obligates agencies to acquire new technological capacity in order to comply with disclosure requests.[1]

Where, as here, an agency declaration "contain[s] reasonable specificity of detail rather than mere conclusory statements," the plaintiff must point either to "contradictory evidence in the record" or provide "evidence of agency bad faith" in order to refute the agency's assertions. Williams v. FBI, 69 F.3d 1155, 1159 (D.C. Cir. 1995) (internal quotations omitted). Contrary to Milton's assertion (Pl.'s Opp'n at 2), the Department's failure to demonstrate efforts to secure the technology necessary to edit .wav files, where the agency is under no obligation to do so, is not evidence of bad faith. Milton also argues that the declarant's statement that her review of the telephone calls revealed "no segregable information" is inconsistent with her subsequent statement that it is "not . . . possible to segregate" the calls. (See Pl.'s Statement of Genuine Issues of Material

---

[1] The D.C. Circuit in Yeager v. DEA recognized that the well-established principle that "[t]he purposes and policies underlying the FOIA . . . impose a duty upon agencies to disclose their records" applies to computerized records as it does to traditional ones. Yeager v. DEA, 678 F.2d 315, 320-21 (D.C. Cir. 1982). However, contrary to Milton's characterization of the decision (Pl.'s Opp'n at 3), the Yeager Court did not recognize a requirement that agencies install new technology to facilitate FOIA disclosure. Rather, the decision concerned the question whether an agency was obligated to use its *existing* technology to manipulate or restructure the substantive content of a requested record in order to render the record subject to disclosure. Yeager, 678 F.2d at 320. The Court concluded the agency had no such duty. Id. at 327.

- 7 -

Facts in Dispute at 2 (arguing that "if there is 'no segregable information' then whether the calls could be 'possible to segregate' would be irrelevant").)  Because "segregable" means "possible to segregate," the declarant's statements are not inconsistent.  Milton's argument regarding the alleged inconsistency appears to rest on a mistaken conflation of the terms "segregable" and "exempt."  Although the Department concedes that Milton's side of the telephone conversations is non-exempt, that information is nonetheless not segregable due to BOP's technical limitations.  Because there is no evidence of bad faith or inconsistency, the declaration will be credited.

## CONCLUSION

The Department has filed a renewed motion, supported by a sworn declaration, demonstrating that the BOP does not possess the technological capacity to segregate the non-exempt portions of the requested records.  The plaintiff has presented no evidence to refute that assertion or authority obliging BOP to acquire the necessary technology.  Because the records therefore are not reasonably segregable, the defendant is entitled to judgment as a matter of law and its motion will be granted.  A final order accompanies this memorandum opinion.

SIGNED this 8th day of February, 2012.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge