UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
GREGORY A. MILTON,              )
                                )
        Plaintiff,              )
                                )
        v.                      )        Civil Action No. 08-242 (RWR)
                                )
UNITED STATES DEPARTMENT OF     )
JUSTICE,                        )
                                )
        Defendant.              )
_____)


MEMORANDUM ORDER

        Pro se plaintiff Gregory A. Milton, who is currently

incarcerated, sued the United States Department of Justice

("Department") under the Freedom of Information Act ("FOIA"), 5

U.S.C. § 552, seeking recordings of telephone conversations he

had in prison.  A February 8, 2012 memorandum opinion and order

granted summary judgment to the Department on the grounds that it

had demonstrated that information that Milton had requested under

FOIA, and which had previously been ruled exempt from disclosure,

contained no segregable information.  Milton has filed a motion

for reconsideration, arguing that Yeager v. DEA, 678 F.2d 315

(D.C. Cir. 1982), a case that he discussed in earlier briefing,

and which the February 8 opinion considered and addressed,

precludes summary judgment.  He also suggests that it was

"arguably an abuse of this Court's discretion to not consider

Plaintiff's Motion for judicial notice of the principle relied on

- 2 -

in <u>Yeager</u> under the public record doctrine." (Pl.'s Mot. for Reconsideration ("Pl.'s Mot.") at 5 n.2; <u>see also</u> Pl.'s Reply to Def.'s Opp'n to Mot. for Reconsideration ("Pl.'s Reply") at 4.)[1]

A court may alter or amend a final judgment under Federal Rule of Civil Procedure 59(e). However, altering or amending a final judgment is discretionary, and a court need not grant a Rule 59(e) motion unless it "'finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" <u>Ciralsky v. CIA</u>, 355 F.3d 661, 671 (D.C. Cir. 2004) (quoting <u>Firestone v. Firestone</u>, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). Motions for reconsideration are "not routinely granted," <u>Williams v. Savage</u>, 569 F. Supp. 2d 99, 108 (D.D.C. 2008), but rather are warranted by "'extraordinary circumstances.'" <u>Liberty Prop. Trust v. Republic Props. Corp.</u>, 570 F. Supp. 2d 95, 97-98 (D.D.C. 2009) (quoting <u>Niedermeier v. Office of Baucus</u>, 153 F. Supp. 2d 23, 28 (D.D.C. 2001)).

Milton cites no intervening change in controlling law, provides no new evidence, and demonstrates no clear error in the February 8th opinion's treatment of <u>Yeager</u>. Because the <u>Yeager</u> decision was already considered and addressed in that opinion, no

---

[1] The full background of this case is set out in <u>Milton v. U.S. Dep't of Justice</u>, 596 F. Supp. 2d 63 (D.D.C. 2009), in <u>Milton v. U.S. Dep't of Justice</u>, 783 F. Supp. 2d 55 (D.D.C. 2011), and in <u>Milton v. U.S. Dep't of Justice</u>, 842 F. Supp. 2d 257 (D.D.C. 2012).

- 3 -

manifest injustice will result from denying reconsideration.
Specifically, the opinion concluded that the decision did not
support Milton's argument that an agency has a duty to install
new technology to facilitate disclosure under FOIA, for example
by installing technology to facilitate segregation of the non-
exempt portions of the records Milton sought here.  Milton v.
U.S. Dep't of Justice, 842 F. Supp. 2d 257, 260 n.1 (D.D.C.
2012).  Arguing in support of reconsideration, Milton concedes
that "the holding in Yeager is inapposite to [this] case," but
nonetheless suggests that "dictum of Yeager" supports his
position that "as a matter of law based on statutory
interpretation, FOIA cannot allow a government agency to
implement a system that effectively diminishes it [sic]
responsibility to release any portion of a requested record it
acknowledges is non-exempt."  (Pl.'s Reply at 2.)  Milton made
essentially the same arguments in opposition to the defendant's
motion for summary judgment and in his motion for judicial
notice, construed as a motion for leave to file a surreply, which
the February 8th opinion found unpersuasive.  (See Pl.'s Opp'n to
Def.'s Mot. Summ. J. at 2-3; Pl.'s Mot. Requesting Court Take
Judicial Notice of Adjudicative Facts at 1-2.)

    In addition, to the extent that Milton suggests that the
agency acted in bad faith in selecting a technology system for

- 4 -

recording inmates' telephone calls, the February 8th opinion
expressly concluded that Milton had provided no evidence of bad
faith to refute the agency's assertion that it lacked the
technological capacity to segregate the requested material,
Milton, 842 F. Supp. 2d at 260-61, and Milton's motion for
reconsideration provides no such evidence, either.
"Re-litigating arguments or legal theories, that could have been
raised earlier, do not qualify as an 'extraordinary
circumstance'" warranting reconsideration under Rule 59(e).  Bond
v. U.S. Dep't of Justice, Civil Action No. 10-01617 (RCL), 2012
WL 2515971, at *3 (D.D.C. July 2, 2012).  Because revisiting
dictum from Yeager is not necessary either to correct a clear
error or to prevent manifest injustice, Milton's arguments for
reconsideration are unavailing.

     Finally, no error was committed in construing as a motion
for leave to file a surreply, and granting, Milton's motion for
judicial notice of Yeager.  Where a party relies on the
principles and reasoning of a court's opinion, the party may
simply cite the decision in its briefing, as Milton did here.
Because Milton did not request that any findings of fact made by
the Yeager court be adopted, his "Motion Requesting Court Take

- 5 -

Judicial Notice of Adjudicative Facts" was properly treated as a

motion for leave to file a surreply.[2]  Accordingly, it is hereby

    ORDERED that the plaintiff's motion [38] for reconsideration

be, and hereby is, DENIED.

    SIGNED this 31st day of July, 2012.


                            _____/s/_____
                            RICHARD W. ROBERTS
                            United States District Judge

---

[2] Because Milton filed his motion for reconsideration six days after the 28-day period for filing a motion under Rule 59(e) had expired, the defendant suggests that the motion should be treated as a Rule 60(b) motion for relief from judgment.  (Def.'s Opp'n to Pl.'s Mot. for Reconsideration at 10 n.4.)  "A motion to reconsider a final order is generally treated as a Rule 59(e) motion if it is filed within the filing time limit set forth in the rule . . . and as a Rule 60(b) motion if it is filed thereafter."  Roane v. Gonzales, 832 F. Supp. 2d 61, 64 (D.D.C. 2011) (citing Lightfoot v. District of Columbia, 355 F. Supp. 2d 414, 420-21 (D.D.C. 2005)).  Milton contends that his motion should be deemed filed when it was given to prison officials to mail.  (Pl.'s Reply at 4.)  Because reconsideration is not warranted under either Rule 59(e) or Rule 60(b), it is not necessary to resolve the parties' dispute concerning the date the motion was filed.  As is relevant here, Rule 60(b) authorizes a court to relieve a party from a final judgment for reason of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial," where the judgment "is based on an earlier judgment that has been reversed or vacated," or for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  For reasons that are discussed above, Milton presents no new evidence, the judgment of which he seeks reconsideration is not based on unsound authority, and Milton has identified no other reason justifying relief.